631 P.2d 142

The STATE of Arizona, Petitioner,

v.

SUPERIOR COURT OF the STATE OF ARIZONA, IN AND FOR The COUNTY OF COCHISE, and the Honorable Matthew W. Borowiec, Division I, and Arthur James Snyder III, Real Party in Interest, Respondents.

No. 2 CA–CIV 4051.

Court of Appeals of Arizona, Division 2.

June 25, 1981.

Beverly H. Jenney, Cochise County Atty. by Dennis L. Lusk, Bisbee, for petitioner.

Robert J. Snyder, Jr., Sierra Vista, for real party in interest.

## OPINION

HATHAWAY, Chief Judge.

■ The real party in interest is the defendant in a pending criminal prosecution for kidnapping, sexual conduct with a minor, sexual assault and child molesting. The respondent judge granted the defendant's motion in limine to exclude evidence of certain prior bad acts. We have assumed jurisdiction because the circumstances are sufficiently compelling in that in the event of a verdict favorable to the defendant, the state would be foreclosed from seeking judicial review. We agree with the state that the respondent court abused its discretion since the prior bad acts were admissible under the "emotional propensity for sexual aberration" exception to the general rule that prior bad acts are inadmissible.

A hearing was held on defendant's motion in limine at which a psychologist and psychiatrist testified. For purposes of the hearing, it was stipulated that the state's evidence would show that in 1974, defendant attempted or did have sexual intercourse with a female child of about eight years of age; that there was sufficient penetration to hurt the child, who, on another occasion, had witnessed defendant attempting sexual intercourse with her sister; that between 1975 and 1977, defendant attempted or did have sexual intercourse with his sister, then approximately seven or eight years old, and there was some slight penetration in the act; that on April 25, 1977, defendant attempted sexual intercourse with a four-year-old female child, pled guilty and was sentenced to prison for three to five years; that defendant was arrested on April 25, 1977, and remained incarcerated until his release on parole on July 16, 1979; and that defendant was discharged from parole on March 25, 1980. Defendant was born December 31, 1958. The instant criminal charges arose out of incidents occurring on or before February 20, 1981, involving an 11-year-old boy.

The court expressly found that the opinion of Dr. Carnahan, a psychologist with the Veterans Hospital in Tucson, was that defendant's conduct indicated an established or recurrent behavioral pattern and that defendant had the emotional propensity to commit such acts. The court also found that the opinion of Dr. LaWall, a psychiatrist with the University of Arizona hospital in Tucson, was that there is a significant probability that the defendant's prior behavior would be repeated and that he had a continuing emotional propensity to commit such acts. Finally, the court found that there were no known acts of aberrant sexual conduct of the defendant between April 25, 1977, and the acts involved in this case, a period of 45 months; that defendant was incarcerated for approximately 27 of those months and at liberty for approximately 18 of those months.

The court made the following conclusions of law:

"1. The alleged acts prior to those charged in this case are not identical, but sufficiently similar in nature to establish the defendant's emotional propensity for sexual aberration.

2. None of said alleged prior acts are sufficiently near in time to be admitted in evidence in this case to show the Defendant's propensity to commit such acts. Said alleged prior acts were not committed within a period shortly before or shortly after the crimes charged in this case."

The seminal case recognizing the "emotional propensity for sexual aberration" exception is *State v. McFarlin*, 110 Ariz. 225, 517 P.2d 87 (1973). In *McFarlin*, the court held that proof of similar acts near in time to the offense charged is admissible as evidence of the defendant's propensity to commit such perverted acts. This rule has been followed in *State v. Treadaway*, 116 Ariz. 163, 568 P.2d 1061 (1977); *State ex rel. LaSota v. Corcoran*, 119 Ariz. 573, 583 P.2d 229 (1978); *State v. Jerousek*, 121 Ariz. 420, 590 P.2d 1366 (1979); and *State v. Bailey*, 125 Ariz. 263, 609 P.2d 78 (App.1980).

In *Treadaway*, the supreme court pointed out that if the prior act is either not similar to the crime charged or not near in time, admission of evidence of such act constitutes reversible error "unless and until there is reliable expert medical testimony that such a prior act ... tends to show a continuing emotional propensity to commit the act charged." 116 Ariz. at 167, 568 P.2d 1061.

As noted above, the respondent court concluded that the prior bad acts satisfied the similarity requirement but did not satisfy the nearness in time requirement. The court, however, overlooked the expert medical testimony that defendant's recurrent behavioral pattern, as evidenced by his history, demonstrated that he had the emotional propensity to commit such acts. We believe the state met its burden of showing that these prior bad acts from 1974 to 1977, showed a continuing, emotional propensity

for pedophilia.[1] We agree with the state that the defendant should not be allowed to rely on the fact that from 1977 when he was incarcerated for a sex offense until 1981, no aberrant sexual acts were shown to have occurred. For a period of more than two years, defendant was isolated from contact with children.

Since the state demonstrated the defendant's continuing emotional propensity for pedophilia, the respondent court erred in granting defendant's motion to exclude the prior bad acts. For this reason, at the conclusion of the hearing on this petition for special action, we directed the respondent court to vacate its order granting the motion in limine and to proceed with the scheduled trial. We indicated in our order that an opinion would follow.

Relief granted.

HOWARD and BIRDSALL, JJ., concur.

1. Webster's Third New International Dictionary defines pedophilia as a preference for, or addiction to, unusual sexual practices in which children are the preferred sexual object.