657 P.2d 430

**In the Matter of the Appeal in PIMA COUNTY JUVENILE ACTION NO. S–949.**

**No. 2 CA–CIV 4460.**

Court of Appeals of Arizona, Division 2.

Oct. 19, 1982.

Review Denied Nov. 23, 1982.

OPINION

HATHAWAY, Judge.

This is an appeal from a juvenile court order severing the natural father's parental relationship with his daughter, now two years of age. We affirm.

The petition for severance, filed by appellant's ex-wife and mother of the child, alleged that appellant had been convicted of a felony of such nature as to prove his unfitness to have future custody and control of the child and his sentence was of such length that the child would be deprived of a normal home for a period of years. A.R.S. § 8–533(B)(4).

The juvenile court found that these grounds were established by clear and convincing evidence and there is substantial evidence to support its decision.

The child was born on May 28, 1980, and her mother left appellant about 2½ months later and filed for dissolution of the marriage. On January 7, 1981, appellant was convicted of attempted kidnapping and sexual abuse, committed on May 8, 1980, and attempted kidnapping and attempted sexual assault, committed on August 16, 1980. The court also found the allegation of prior felony conviction for possession of heroin to be true. A total sentence of 12 years was imposed.

Thus we see that two offenses were committed just before the child was born and the other two just after the child was born. Two women were the victims. According to appellant's testimony, he had received no counseling while in prison but intended to seek counseling when released from prison "to see why I keep getting into these messes."

The child's mother testified as to acts of appellant involving her young sister, age 12, which constituted child molesting. The sister testified about other incidents of a similar nature.

We have recently upheld severance of a father's parental rights in the case of *In re Juvenile No. S–983*, 133 Ariz. 182, 650 P.2d

George Haskel Curtis, Tucson, for appellant.

Bridegroom & Hayes by Bruce Bridegroom, Tucson, for appellee.

**444**

484 (App.1982). There the father had been convicted of sexual assault, attempted sexual assault and kidnapping. The offenses occurred on the eve of his marriage and two months later. We found this evidence sufficient to support a finding of unfitness even though the father had undertaken counseling.

The evidence here is even more convincing as to parental unfitness. Appellant's sole motive as to future counseling was to help him stay out of prison rather than to correct the specific deviant behavior. His conduct with his 12-year-old sister-in-law demonstrated that appellant's female child might be subjected to sexual abuse.

■ We find no merit in appellant's attack on the admissibility of these prior bad acts. They were relevant to the issue of appellant's fitness to be a parent as they showed an emotional propensity for sexual aberration. See *State v. Superior Court,* 129 Ariz. 360, 631 P.2d 142 (App.1981).

■ Appellant attacks A.R.S. § 8–533(B)(4) as being unconstitutional because of vagueness and overbreadth. His "void for vagueness" claim, because of lack of adequate notice, is without merit as it has application only when there is a regulation of or sanction for conduct. *CAVCO Industries v. Ind'l Com'n of Arizona,* 129 Ariz. 429, 631 P.2d 1087 (1981). Appellant makes no separate argument as to overbreadth and appears to use the term as part of his "vagueness" claim.

Since we have agreed that appellant's felony convictions were of such nature as to prove his parental unfitness, we need not determine whether his sentences were of such length that the child would be deprived of a normal home for a period of years.

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.