## ADOPTION OF IRWIN.

No. 89-P-430.

Essex. September 12, 1989. - November 13, 1989.

Present: ARMSTRONG, KAPLAN, & DREBEN, JJ.

*Adoption*, Dispensing with parent's consent. *Criminal Records. Evidence*, Criminal records.

At the hearing on a petition by the Department of Social Services to dispense with the need for a mother's consent to the adoption of her minor child, the judge did not err in permitting the mother's record of criminal convictions to be put in evidence. [42-44]

PETITION filed in the Essex Division of the Probate and Family Court Department on October 15, 1987.

The case was heard by *Albert P. Pettoruto*, J.

*Linda E. Giles* for the mother.

*Melissa A. Edmondson* for Department of Social Services.

ARMSTRONG, J. The mother of a four year old son, here called Irwin, appeals from a decree under G. L. c. 210, § 3, permitting him to be adopted without her consent. The requisite determination of unfitness, see *Petition of the Dept. of Pub. Welfare to Dispense with Consent to Adoption*, 383 Mass. 573, 588-589 (1981), was made despite findings that the mother has interacted appropriately with Irwin when with him, that bonds of love existed between them, and that Irwin, in contrast to his older sister (as to whom there was a similar judgment that the mother elected not to appeal), is as yet afflicted with only minor (and manageable) developmental deficits.

The mother, however, has seen little of Irwin. She cared for him from April, 1985, when he was born, to August of that year, when she was imprisoned, and again from June to August, 1987, when the mother overdosed on drugs and was

hospitalized. As of the time when evidence was last taken, she had not attempted to visit or communicate with Irwin or to keep appointments with a social worker. During a chance meeting with a social worker, the mother acknowledged that she was using drugs, was sharing hypodermic needles with other abusers, and was having sexual intercourse with a man believed to be suffering from AIDS. The two periods when the mother attempted to care for Irwin were themselves marred by incidents inappropriate for a child to experience. The depressing picture painted by Irwin's guardian ad litem (in her report relative to Irwin's sister) was of a mother who "does not have a permanent home, does not have a job, is drug-dependent, has a warrant out for her arrest, is in danger of returning to prison, and has not complied with any service plan she has signed since 1984."

Assuming that the evidence on which it was based was properly admitted, the ultimate findings of the mother's unfitness and Irwin's best interests were clearly justified. Unlike *Petition of the Department of Pub. Welfare to Dispense with Consent to Adoption*, 383 Mass. at 593-594, the judge's subsidiary findings in this case are clear, detailed, and comprehensive.

The mother's principal argument on appeal is that the judge erred in permitting her extensive record of criminal convictions to be put in evidence. The argument takes the form that the criminal record could not be used to impeach the mother, as authorized by G. L. c. 233, § 21, because the mother did not expose herself to impeachment by testifying; also, that the records could not come in under the business records exception to the hearsay rule (G. L. c. 233, § 78) for want of authentication by the keeper of the records and a showing that the statutory prerequisites were met.

The argument from § 21 assumes incorrectly that criminal records are inadmissible except for impeachment purposes. Section 21 is merely a statutory exception to the common-law rule that specific acts of prior misconduct are not admissible to impeach the credibility of a witness. See *Commonwealth* v. *Binkiewicz*, 342 Mass. 740, 755 (1961); *Common-*

*wealth* v. *Turner*, 371 Mass. 803, 809-810 (1977); Liacos, Massachusetts Evidence 149-151 (5th ed. 1981). Section 21 has no application when prior criminal convictions are relevant to and offered for some other purpose. *Commonwealth* v. *Redmond*, 357 Mass. 333, 337 (1970). *Commonwealth* v. *Killelea*, 370 Mass. 638, 650 (1976). Where a person's character is itself in issue, as a parent's character generally is in custody or adoption cases, courts have usually held that it may be proved by evidence of specific acts of misconduct bearing on character. McCormick, Evidence § 187 (2d ed. 1972). The point seems not to have been specifically decided in Massachusetts — perhaps because it is intuitively obvious — but out-of-State decisions seem universally to permit a parent's criminal record to be put in evidence in custody and adoption cases. See *Williams* v. *Department of Pensions & Sec.*, 460 So. 2d 1348, 1350 (Ala. Civ. App. 1983); *Matter of Pima County Juvenile Action No. S-949*, 134 Ariz. 442 (1982); *In re Geoffrey G.*, 98 Cal. App. 3d 412, 420-421 (1979); *Smith* v. *Andrews*, 54 Ill. App. 2d 51, 62 (1964); *G.E.Y.* v. *Cabinet For Human Resources*, 701 S.W. 2d 713, 716 (Ky. Ct. App. 1985); *In re Emmons*, 165 Mich. App. 701, 705 (1988); *In re Welfare of Scott*, 309 Minn. 458, 461-462 (1976); *In Interest of B M P.*, 704 S.W.2d 237, 250 (Mo. Ct. App. 1986); *Matter of Bradley*, 57 N.C. App. 475, 477 (1982); *Thompson* v. *King*, 393 N.W.2d 733, 739 (N.D. 1986); *Matter of B.A.M.*, 290 N.W.2d 498, 501 (S.D. 1980); *In re Sego*, 82 Wash. 2d 736, 740 (1973).

The Criminal Offender Record Information (CORI) Act, G. L. c. 6, § 172, was not violated by production of the records. They were produced by subpoenas directed to the probation officers of two District Courts and were delivered sealed to the Probate Court. Probation records are records of the court system, *Police Commr. of Boston* v. *Municipal Court of the Dorchester Dist.*, 374 Mass. 640, 648 (1978), and are by statute (G. L. c. 276, § 100) available for use by the courts of the Commonwealth. *Id.* at 650. There was no reason to qualify them as business records, because they were admissible as official written records. *Furtado* v. *Furtado*,

380 Mass. 137, 149 (1980). See *Adoption of George*, 27 Mass. App. Ct. 265, 271-272 (1989). Their contents recorded primary facts rather than judgmental observations. *Id.* at 272-274. See generally Liacos, Massachusetts Evidence at 340-346. There was no error.

*Decree affirmed.*