ADOPTION OF HARRIET.

No. 89-P-1290.

Hampden. June 8, 1990. - August 2, 1990.

Present: KASS, KAPLAN, & PORADA, JJ.

*Adoption*, Dispensing with parent's consent. *Parent and Child*, Dispensing with parent's consent to adoption.

In a proceeding to dispense with parental consent to adoption, the judge's findings, upon which was based the judgment dispensing with the need for consent, were not supported by sufficient evidence with respect to the mother's current parental fitness. [113-114]

PETITION filed in the Hampden Division of the Probate and Family Court Department on September 9, 1988.

The case was heard by *David G. Sacks*, J.

*Robert A. Gordon* for the mother.

*Robin L. Stolk* (*Patricia E. Scibak* with her) for Department of Social Services.

PORADA, J. The mother of a minor child appeals from a judgment of the Probate and Family Court dispensing with the need for her consent to the adoption of her daughter. We vacate and remand for further proceedings because the judgment is unsupported by adequate findings as to the current fitness of the mother.[1]

The Department of Social Services (department) filed a petition to dispense with parental consent for the adoption of the child under the provisions of G. L. c. 210, § 3. The mother filed an objection. The father did not. An attorney

---

[1]The mother also argues that the judge erred in his admission in evidence of the "Affidavit of Disclosure" required to be filed in all custody matters. G. L. c. 209B, § 3. Trial Court Rule IV (1983). It could hardly have been error for the judge to consider a document required to be filed, if only for the limited purpose of determining jurisdiction.

was appointed for the mother. A pretrial conference was scheduled for February 23, 1989. Although the mother had personally received notice of the pretrial conference from her attorney, she did not appear at it. This notice informed the parties that, should a party not be present, the judge could order the case to trial on the conference date. See Uniform Probate Court Practices Xa (1982). When the mother's counsel was unable to explain her absence, the judge informed counsel that the trial would be held that day, but he would give counsel an opportunity to contact his client by telephone before proceeding. When counsel was unable to reach her by telephone or obtain any additional information to account for her absence, he filed a motion to continue the trial. The judge denied the motion and ordered the parties to proceed to trial immediately. At the trial, the department presented a stipulation of facts[2] and the testimony of one witness, who since 1985 had been the social worker assigned to the family by the department. The mother did not present any evidence. The judge ruled that the mother did not have the "ability, capacity, fitness or readiness to assume parental responsibility" for the minor child and "the best interests of [the child] will be served by placing her for adoption." See G. L. c. 210, § 3(c).

The judge's determination was based upon a record inadequate to enable him to make the careful factual inspection and specific and detailed findings mandated in cases of this nature. See *Petition of the Dept. of Pub. Welfare to Dispense with Consent to Adoption*, 383 Mass. 573, 593 (1981); *Petition of the Dept. of Social Servs. to Dispense with Consent to Adoption*, 397 Mass. 659, 670 (1986); *Petitions of the Dept. of Social Servs. to Dispense with Consent to Adoption*, 20 Mass. App. Ct. 689, 697 (1985); *Adoption of Irwin*, 28 Mass. App. Ct. 41, 42 (1989). His decision rested on the unexplained absence of the mother from the pretrial conference and the testimony of the family's social worker.

---

[2]The stipulation contained innocuous information such as identity of family members.

We summarize the social worker's relevant testimony to demonstrate the meager record before the court.

The child has been in foster care with the same foster parents since she was two. She was seven at the time of the hearing. The department initiated a care and protection proceeding in the Holyoke District Court in 1983 because of the mother's heavy drinking and inappropriate care of the child. The case worker recommended mental health and alcohol counseling for the mother, but, to the best of his knowledge, she had made no attempts to obtain counseling. The mother refused to sign the department's service plan because its objective was adoptive placement for her daughter and because it contained allegations regarding the mother's mental health, which she disputes. The mother, however, admitted she had a problem with alcohol. The mother has consistently honored all visitation rights with the child granted to her by the department. The child resides in the same foster home as her two siblings. Her foster parents are the prospective adoptive parents. The child has a good relationship with the foster mother, has no special needs, and does well in school. The social worker who has been with the department since 1980 and has handled about one hundred cases, was of the opinion that the proposed adoption was in the best interests of the child. In 1987, the District Court awarded permanent custody to the department under a petition for care and protection pending in that court since 1983.

This evidence did not rise to the level of clear and convincing proof needed to terminate the mother's rights. *Adoption of Frederick*, 405 Mass. 1, 5 (1989). The judge's findings did not reflect sufficient consideration of the mother's current parental fitness. His findings did not take into account the personal qualities of the mother, such as her temperament or character, her mental stability, her present home environment, the relationship between the mother and the child, and the positive and negative aspects of returning the child to the mother. See *Petition of the Dept. of Pub. Welfare to Dispense with Consent to Adoption*, 383 Mass. at 589; *Petition of the Dept. of Social Servs. to Dispense with Consent to*

*Adoption*, 15 Mass. App. Ct. 916, 917 (1983); *Petitions of the Dept. of Social Servs. to Dispense with Consent to Adoption*, 20 Mass. App. Ct. at 694, 697.

In addition, two of the judge's subsidiary findings lacked evidentiary support in the record. One was his finding that the mother had consented to the award of permanent custody of her daughter to the Department of Social Services. While the department's attorney represented this to the judge, there was no evidence to this effect. Defense counsel did not acquiesce in the representation. The other was his finding that the mother's parental fitness has not in any way improved from the award of permanent custody of the child to the department in the Holyoke District Court on November 19, 1987, to the present. The record is virtually silent as to the mother's history during that period. The only information presented for that period was that the mother refused to attend counseling recommended by the social worker, refused to execute a service plan with which she did not agree, did not attend the pretrial conference, and was faithful in visitations to her daughter.

While we empathize with the frustrations experienced by a judge when a parent without explanation in a contested case fails to appear at a pretrial conference of paramount importance to the future of both the parent and the child, we cannot sanction the lessening of the burden placed upon the department to amass and present at trial the evidence that is essential to support adequately the factual findings such cases require. *Custody of Two Minors*, 396 Mass. 610, 619 (1986). A Probate and Family Court judge is entitled to demand that the department provide this information even in a parent's absence. Neither does such absence lower the burden of proof that must be satisfied before parental rights may be permanently severed.

Accordingly, we vacate the judgment and remand the case for further, expedited proceedings before the Probate and

Family Court at which the parties shall be free to present additional evidence on this petition.

*So ordered.*