835 P.2d 485

The STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona, in and for the COUNTY OF MARICOPA, the Honorable Joseph D. Howe, a judge thereof, Respondent,

James Carl WEANT, Real Party in Interest.

No. 1 CA-SA 91-320.

Court of Appeals of Arizona, Division 1, Department D.

May 21, 1992.

Redesignated as Opinion and Publication Ordered July 30, 1992.

154

Roderick G. McDougall, Phoenix City Atty. by Gregory L. Hanchett, Asst. City Prosecutor, Phoenix, for petitioner.

Mark S. Williams, Peyton A. Kerr, III, Phoenix, for Real Party in Interest.

## OPINION

TAYLOR, Presiding Judge.

This special action petition has been considered by the court, Presiding Judge John F. Taylor and Judges Rudolph J. Gerber and Susan A. Ehrlich participating.

The State of Arizona ("State") brought this petition for special action when the Maricopa County Superior Court affirmed the Phoenix Municipal Court magistrate's suppression of blood and breath tests of respondent and real party in interest James Carl Weant ("Weant"). In affirming the magistrate's decision to suppress the blood and breath tests, the superior court relied upon Rule 703, Arizona Rules of Evidence. Because we believe the ruling is incorrect as a matter of law and because the State has no remedy remaining, we accept jurisdiction and grant the relief requested by the State.

## FACTS

On October 21, 1991, at approximately 3:58 a.m., Weant was involved in an accident when the car he was driving rear-ended another vehicle. When Phoenix Police Officer Kawa arrived at the accident scene, he observed unusual behavior on the part of Weant. This behavior included a refusal to allow medical personnel at the scene to examine his injured head, claims that the other vehicle had been driven around the block fourteen times in order to create an accident with Weant, a refusal to let go of his minor daughter who was with him at the time, and general antagonism and hyperactivity. At the accident scene, Officer Kawa detected no odor of alcohol on Weant's breath.

Weant was arrested for driving under the influence of drugs and alcohol. He subsequently was charged with violating Ariz.Rev.Stat.Ann. ("A.R.S.") §§ 28–692(A)(1) (driving while under the influence of intoxicating drugs or liquor), 28–692(A)(2) (having a blood alcohol concentration of .10% or greater within two hours of driving), and 28–701(A) (driving a vehicle at a speed greater than is reasonable and prudent).

Following the arrest, Weant was transported to St. Joseph's Hospital for examination. He was under constant observation by law enforcement personnel until the time he arrived at the hospital. While at the hospital, Weant was visited by fire department staff, a hospital nurse, his child, and his girlfriend. Weant's girlfriend was alone with him approximately one to two minutes. No alcohol was observed in the hospital room.

A sample of Weant's blood, showing a .15 BAC, was taken at the hospital at approximately 7:25 a.m. Thereafter, Weant was transported to the police station. Enroute, Officer Kawa detected an odor of alcohol on Weant's breath.

Prior to trial, Weant moved to suppress the blood and breath tests from being admitted into evidence. The State's criminologist testified that he could relate the blood test back to 5:25 a.m., approximately one and one-half hours after Weant's acci-

dent. The validity of his computations was based on the following assumptions: (1) there was no alcohol consumption after the arrest, (2) the time of the accident was approximately 4:00 a.m., (3) the blood test was conducted at approximately 7:30 a.m., and (4) Weant's blood test results showed .15 BAC.

The defense criminologist expressed concerns about retrograding the BAC to within two hours of the accident. He stated that because the officer did not detect the odor of alcohol on Weant's breath at the time of the accident and because the odor was present after the hospital stay, Weant may have consumed alcohol at the hospital. The State responded that the lack of initial detection of alcohol on Weant's breath could be explained by the difference in environmental conditions. The State suggested that the odor of alcohol would be less detectable in the open air environment at the accident scene than it would be in the closed environment of the patrol car.

At the motion to suppress hearing, the magistrate ruled that because Weant might have consumed alcohol after the accident, the blood and breath tests should be suppressed. On appeal, the superior court affirmed the magistrate's suppression of Weant's blood and breath tests. The judge concluded that the assumption the blood and breath tests were uncontaminated by possible post-accident drinking had not been met. The State then moved to dismiss Weant's DUI charges and filed this special action petition.

### DISCUSSION

■ The decision by this court to accept or reject jurisdiction of a special action petition is largely discretionary. *See U–Totem Store v. Walker*, 142 Ariz. 549, 551, 691 P.2d 315, 317 (App.1984). This court may elect to accept jurisdiction over a special action when the petitioner is foreclosed from seeking judicial review. Ariz. R.P.Spec. Actions 1; *see State v. Superior Court*, 129 Ariz. 360, 360, 631 P.2d 142, 142 (App.1981). The State argues that the superior court abused its discretion and acted in excess of its authority by granting the

motion to suppress evidence of Weant's blood and breath tests. The State has exhausted all remedies by appeal and is foreclosed from seeking further judicial review. Because the State has no further remedy, this court may accept jurisdiction in this special action proceeding. *See State v. Superior Court*, 129 Ariz. at 360, 631 P.2d at 142.

■ Both parties stipulated that the blood sample was properly drawn. The issue presented here arose when the defense offered a possible explanation of why Officer Kawa detected an odor of alcohol on Weant's breath while transporting him from the hospital to the police station when none had been detected before. The defense suggested that Weant could have consumed alcohol in the hospital, although it offered no witnesses or evidence to support this theory.

In *State v. Plew*, 155 Ariz. 44, 745 P.2d 102 (1987), our supreme court addressed a similar issue. In *Plew*, the defendant was charged with attempted second-degree murder and aggravated assault. The defendant attempted to present expert testimony on the effects of cocaine usage by the victim at the time of the assault. No reasonable medical certainty existed, however, showing that the victim was under the influence of cocaine at the time of the assault. The State argued that the trial judge correctly excluded this expert testimony because the judge failed to believe the evidence of the victim's cocaine usage before the assault "was sufficiently credible to establish the predicate needed to submit the issue to the jury" as required by Rule 104, Arizona Rules of Evidence. *Id.* at 49, 745 P.2d at 107. Our supreme court disagreed, stating:

> We recently held on a similar issue that such "veracity-reliability-credibility" issues "traditionally fall within the province of the jury rather than the judge...." *We held that the judge's preliminary inquiry "should be limited to asking whether evidence in the record ... would permit a reasonable person to believe" the evidence on the preliminary questions.*

**156**

*Id.* at 49–50, 745 P.2d at 107–08 (emphasis added) (citations omitted).

Absent a question of the legality of the evidence, the trial court's responsibility was to determine if sufficient evidence existed that would permit a reasonable person to believe that Weant had not consumed alcohol after the time of the accident, not whether the judge necessarily reached that conclusion. *See id.* at 50, 745 P.2d at 108. If this test is met, the blood and breath tests should be admitted for the jury to weigh, together with all other admissible evidence. The jury occupies the unique province of weighing the credibility, veracity, and reliability of evidence and of resolving the conflicting inferences drawn from the evidence. *State v. LaGrand,* 153 Ariz. 21, 28, 734 P.2d 563, 570, *cert. denied,* 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). The common sense and experience of the jury can best determine the validity of the inference urged by the State that the different environmental conditions existing at the accident scene and the closed vehicle reasonably account for the fact that Officer Kawa did not detect the odor of alcohol at the scene but did in the vehicle. The resolution of contending inferences and conflicting evidence is the very stuff of which jury trials are made.

The State has the burden of showing that sufficient evidence exists for a reasonable person to believe that Weant did not consume alcohol after the accident. The State presented evidence showing that Weant was under direct observation at all times, except for one to two minutes when he visited with his girlfriend alone in the hospital room. The State's evidence included testimony that there was no alcohol in the hospital room, and none was observed in the possession of Weant's girlfriend. The State also presented evidence of the detection of the odor of alcohol on Weant's breath in the police car between the hospital and the police station. Finally, the State presented evidence showing that in order for Weant to have a .15 BAC, it would have been necessary for him to have consumed the equivalent of five to six standard drinks, each with one ounce of 100 proof liquor.

No evidence was offered to rebut the State's evidence. It is mere speculation to suggest that Weant's girlfriend provided him alcohol during the brief period they were alone. We conclude that as a matter of law, the motion to suppress should have been denied.

## CONCLUSION

For the reasons stated above, we grant the relief sought by the State. The order of the respondent judge is reversed with directions to reverse the order of the city magistrate and to remand the matter to the Phoenix Municipal Court for further proceedings consistent with this decision.