NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHAEL B., *Appellant*,

*v.*

MARIA S., G.B., *Appellees*.

No. 1 CA-JV 21-0261
FILED 1-25-2022

Appeal from the Superior Court in Mohave County
No.  L8015SV202107004
The Honorable Steven C. Moss, Judge

**AFFIRMED**

COUNSEL

Aspey Watkins & Diesel PLLC, Flagstaff
By Michael J. Wozniak
*Counsel for Appellant*

Law Offices of Heather C. Wellborn PC, Lake Havasu City
By Heather C. Wellborn, Alyssa N. Oubre
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

---

**B A I L E Y**, Judge:

¶1　　　　Michael B. ("Father") appeals the termination of his parental rights to G.B. ("the child"). Father argues the court (1) violated his procedural due process rights by not allowing him time to object before signing the termination order and by not appointing counsel for the child, (2) erred in finding abandonment, and (3) erred when it found that severance was in the child's best interests. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　Father and Maria Shivone ("Mother") are the unmarried biological parents of the child, who was born in 2012. In 2019, the parties became involved in a family court matter, Mohave County Superior Court case number DO-2019-07166, which led to a July 2020 court order adopting a stipulated agreement for (1) joint legal decision-making, with Mother having final decision-making authority; (2) shared parenting time, with Mother having primary physical custody; and (3) Father paying monthly child support. Father's parenting time was made contingent upon numerous requirements, including providing Mother updated contact information. However, Father did not provide this information as agreed upon.

¶3　　　　In March 2021, Mother filed a petition to terminate Father's parental relationship with the child based on abandonment. The court granted Mother's motion for the appointment of a court-approved investigator to complete a social study in the matter.

¶4　　　　In May 2021, the court granted Mother's motion for leave to serve Father by publication after Mother avowed that she did not have a current address for Father and that he did not return her calls and emails. *See generally* Ariz. R. Civ. P. 4.1(*l*). The court further ordered Mother to send copies of all pleadings to Father's last known mail and email addresses. On May 27, 2021, and June 29, 2021, Mother filed affidavits of service by email

and first-class mail, and on July 20, 2021, Mother filed an affidavit of proof of service by publication.

¶5        On July 28, 2021, the court held a telephonic evidentiary hearing on Mother's petition. Mother appeared at the hearing, but Father did not. After hearing testimony and receiving into evidence various exhibits from Mother, including the social study, the court found that service was complete, and Father was deemed to have admitted the allegations in the petition. The court granted Mother's petition to sever Father's parenting rights on the ground of abandonment.[1]

¶6        We have jurisdiction over Father's timely appeal under Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") sections 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

### I.        Standard of Review and Applicable Law

¶7        To sever a parent-child relationship, the superior court must find by clear and convincing evidence at least one of the statutory grounds set forth in A.R.S. § 8-533(B) and must find by a preponderance of the evidence that severance is in the child's best interests. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376-77, ¶¶ 14-15 (App. 2010).

¶8        The superior court is in the best position to weigh the evidence, observe the parties, judge witnesses' credibility, and resolve disputed facts, *Jordan C. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009), and we will not reweigh the evidence or redetermine credibility, *see Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151-52, ¶¶ 18-19 (2018). Instead, we view the evidence and reasonable inferences to be drawn therefrom in the light most favorable to affirming and will not reverse unless no reasonable evidence supports the court's factual findings. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010) (citations omitted).

### II.        Procedural Due Process

¶9        In support of his argument to set aside the severance, Father argues the court violated his procedural due process rights by not giving

---

[1]        The court also affirmed that termination of Father's parental rights did not relieve him of his obligation to pay child support in DO-2019-07166.

him time to object before signing the termination order and by not appointing counsel for the child.

¶10 The superior court may terminate parental rights by default if a parent fails to appear without good cause at an initial hearing, pretrial conference, status conference, or termination adjudication hearing. *Marianne N. v. Dep't of Child Safety*, 243 Ariz. 53, 56-57, ¶ 16 (2017) (citing Ariz. R.P. Juv. Ct. ("Rule") 64(C)). To show good cause for setting aside the termination of a parent-child relationship, "the moving party must show that (1) mistake, inadvertence, surprise or excusable neglect exists and (2) a meritorious defense to the claims exists." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007) (citing *Richas v. Superior Court*, 133 Ariz. 512, 514 (1982); Ariz. R. Civ. P. 60(c)). "Excusable neglect exists if the neglect or inadvertence 'is such as might be the act of a reasonably prudent person in the same circumstances.'" *Id.* (quoting *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993)). "A meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge." *Id.* at 304-05, ¶ 16 (quoting *Richas*, 133 Ariz. at 517).

¶11 At the severance hearing, the court found that legal service had been properly accomplished by publication and through alternative means, by directing the filings and orders to Father by email and first-class mail. The record supports the court's findings.

¶12 Father argues for the first time on appeal, however, that because the court signed the order severing his parental rights the same day as the termination hearing, the court deprived him of the opportunity to at least preserve an objection and attempt to meet the two-pronged "good cause" test. He maintains that we "should not prejudice [Father] for the lack of a record demonstrating why he was not present at the hearing and, instead, should remand the matter so [Father] can provide such objection."

¶13 Father does not explain, however, why, although he received the court's termination order and was able to obtain an attorney and file a timely appeal within fifteen days, *see* Ariz. R.P. Juv. Ct. 104(A), he did not participate in the social study, file any responsive pleading prior to severance, or appear at the initial severance hearing and did not file any post-trial motions, including a motion to set aside the judgment for good cause, before filing his appeal. Father does not show that anything prevented him from attempting to demonstrate the two-pronged "good cause" test in the superior court, and he makes no offer of proof in this court as to why he did not attend the initial severance hearing or what evidence

4

he would have presented in the superior court. Instead, he asks us to presume without a factual basis both that (1) mistake, inadvertence, surprise, or excusable neglect exists and (2) a meritorious defense to Mother's claim of abandonment exists. *See id.* at 304, ¶ 16. As *Richas* and *Christy A.* make clear, however, mere presumptions or assumptions are insufficient to establish a meritorious defense. *See Richas*, 133 Ariz. at 517; *Christy A.*, 217 Ariz. at 304-05, ¶ 16.

¶14        Father also argues for the first time on appeal that the superior court violated the child's procedural due process rights (and by proxy, his procedural due process rights) by failing to appoint counsel to represent the child before the initial termination hearing. Even assuming the court was required to appoint an attorney for the child, and its failure to do so was error, *see generally* Ariz. R.P. Juv. Ct. 64(E), 65(C)(2), Father has waived this argument, *see Christy C. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 445, 452, ¶ 21 (App. 2007). Moreover, even absent waiver, Father makes no argument on appeal that he could not have raised this issue before or at the initial termination hearing, and he does not show or even plausibly suggest any prejudice from the court's failure to appoint an attorney. In fact, he concedes that the record does not reflect that he suffered any prejudice due to the denial of counsel for the child. And Rule 65(C)(5)(a) provides that if a parent denies or does not contest the allegations in the petition to terminate parental rights, "the court shall proceed with the termination hearing and enter findings and orders, pursuant to Rule 66." In this case, the court did just that, and we are unpersuaded by Father's argument that we should "infer that a best interests attorney may have provided the court with information contrary to [Mother's] testimony and the conclusion drawn in the social study." Father's argument again fails because it relies on mere speculation. *See Richas*, 133 Ariz. at 517; *Christy A.*, 217 Ariz. at 304-05, ¶ 16.[2]

III.    Termination Pursuant to A.R.S. § 8-533(B)(1)

¶15        Father next argues that insufficient evidence supports termination of his parental rights based on abandonment. We review

---

[2]        Father also suggests "appointed counsel may have attempted to contact [Father's] former counsel in the corresponding family court matter as an additional effort to provide actual notice to [Father] of the petition for termination." Mother's counsel avows that she did contact Father's former counsel, who advised her that he had not had contact with Father in months and had no more recent contact information.

whether substantial evidence supports the court's decision. *See Pima Cnty. Juv. Action No. S-949*, 134 Ariz. 442, 443 (App. 1982).

¶16　　　　Under A.R.S. § 8-533(B)(1), the superior court may terminate parental rights based on proof of abandonment:

> "Abandonment" means the failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1). Abandonment is measured by conduct, not subjective intent. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 18 (2000).

¶17　　　　Here, the court found by clear and convincing evidence that Father had "abandoned the child and failed to maintain a normal parental relationship with the child without just cause as defined by A.R.S. § 8-531(1) and pursuant to A.R.S. § 8-533(B)(1) for more than six (6) months." In support of its finding, the court cited the sporadic contact between Father and the child, including a complete lack of in-person contact since 2019; Father's failure to provide consistent support; Father's failure "to provide any normal parental supervision" or significantly engage with the child; and a lack of development of a parent-child relationship that should exist between Father and the child.

¶18　　　　The court's findings are supported by Mother's testimony that (1) Father only spoke to the child telephonically approximately three times each in 2019 and 2020 and once in 2021, and (2) Father and the child last physically saw each other in December 2019. Mother also testified that on the rare occasions when Father did contact the child, Father would make "false promises" to the child about seeing him but then never followed up. Further, Father never sought information regarding the child's health, school issues, or extracurricular activities, never reimbursed Mother for any of the associated costs, and according to Mother, failed to maintain any "normal parent-child relationship." Mother did note that Father had sent presents to the child on a couple of occasions and had made one payment through the child support Clearinghouse since 2019, but he had otherwise failed to make payments and had evaded providing contact information in an apparent effort to thwart efforts to collect child support arrearages.

¶19        Father contends the court should have more fully considered his conduct as outlined in the social study and his assertion of parental rights in the family court matter. But the social study largely supports the court's determination as well, and Father's argument is really a request that we reweigh the evidence, something we may not do. *See Alma S.*, 245 Ariz. at 151, ¶ 19. On this record, the court did not err in severing Father's parental rights on the ground of abandonment.

### IV.     The Child's Best Interests

¶20        Father also argues that the court erred in finding that termination of his parental rights was in the child's best interests.

¶21        Termination may be in a child's best interests if the child will benefit from termination *or* if the child will face harm if the relationship continues. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 16 (2016). In making the determination, the court evaluates the totality of circumstances at the time of trial, considering factors such as the bond between the natural parent and the child, any risk for abuse or neglect if the relationship is not terminated, and the negative effect on a child of the continued presence of a statutory severance ground. *Alma S.*, 245 Ariz. at 150-51, ¶ 13; *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98-99, ¶¶ 10-12 (App. 2016).

¶22        Here, the superior court found the child would benefit from termination based in part on Mother's testimony that Father had abandoned and neglected the child through his "verging on nonexistent, extremely minimal contacts with [the child]." Mother noted that although the child was generally "doing great" both in school and extracurricular activities, she was concerned for the child's mental and emotional health given the distress she observed in the child when Father failed to follow through on promises and consistently failed to engage with the child. The court also considered the social study, which concluded that termination was in the child's best interests because Father's "lack of follow through as a parent, along with his broken promises[,] have been emotionally difficult for [the child]," and Father "does not see the [e]ffects that his lack of parental responsibility has had on [the child]." The court concluded the social study supported Mother's testimony that a continued relationship between Father and the child "would only further the continued harm and disappointment and loss and emotional turmoil that [the child] would suffer due to [F]ather's neglect and nonengagement." The court's best interests finding is supported by substantial evidence.

### V.     Attorneys' Fees and Costs on Appeal

¶23 Mother requests attorneys' fees on appeal under A.R.S. § 25-324 and costs under A.R.S. § 12-342. Section 25-324 applies to family court proceedings commenced under chapters three and four of A.R.S. Title 25. *See* A.R.S. § 25-324(A). This is a severance action commenced under A.R.S. § 8-533. Moreover, even were we to assume *arguendo* that § 25-324 applies, Mother has not shown that any substantial difference exists in the parties' financial resources or that Father has been unreasonable in the positions he has taken on appeal. Accordingly, we decline Mother's request for attorneys' fees. We award taxable costs on appeal to Mother upon compliance with Rule 21, ARCAP.

**CONCLUSION**

¶24 The superior court's order terminating Father's parental rights to the child is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

8