548 P.2d 435

The STATE of Arizona, Appellee,

v.

Walter Alan MORRIS, Appellant.

No. 2 CA–CR 740.

Court of Appeals of Arizona, Division 2.

April 15, 1976.

Rehearing Denied May 12, 1976.

Review Denied June 8, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender by Kenneth J. Peasley, Asst. Public Defender, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

Appellant, Walter Alan Morris, was convicted of kidnapping Rosa Zazueta while armed with a gun, committing a lewd and lascivious act with the body of Yolanda Felix, and first degree rape of Yolanda Felix. He was given concurrent prison sentences of five to fifteen years, four to five years, and five to fifteen years, respectively. He now appeals. We affirm.

Appellant asserts four grounds for reversal. He first contends his conviction for lewd and lascivious conduct under A.R.S. § 13–652 cannot stand because that section is unconstitutional. Our Supreme Court recently rejected that contention in *State v. Bateman and Callaway,* 113 Ariz. 107, 547 P.2d 6 (1976).

Appellant next contends the trial court erred in permitting a police detective to testify that he found certain hairs in the trunk of appellant's car. The evidence presented by the prosecution at trial tended to show that appellant gave Yolanda Felix and Rosa Zazueta a ride in his car late at night. When Yolanda told appellant to stop the car, he pulled a gun and continued to drive. Rosa jumped out of the car shortly thereafter and appellant drove on with Yolanda.

He then motioned for her to take off her clothes and thereafter forced her to perform fellatio on him. Later he took money from her, placed her in the trunk of his car, and bought gasoline at a gas station. He then drove to various deserted areas and raped her.

Appellant testified that all the sexual acts that took place between Yolanda and him that night were consensual and denied that he had placed Yolanda in the trunk of his car. On rebuttal, the State presented the testimony of Detective Coleman, who had searched the car for evidence. Over appellant's objection, Coleman testified that he had found some light brown hair about 8 to 12 inches long (longer than appellant's hair) in the trunk. The hair was later admitted into evidence along with a known sample of Yolanda's hair.

Appellant now contends the testimony was irrelevant and without sufficient foundation because there was no credible evidence to connect the hair found in the trunk with Yolanda. We disagree. McCormick has stated the test of relevancy as follows:

"[D]oes the evidence offered render the desired inference *more probable than it would be without the evidence?*" (Emphasis in original)[7] McCormick on Evidence § 152, at 318.

Here, the desired inference was that Yolanda was in the trunk of appellant's car on the night in question. We think the fact that hair similar in length and color to Yolanda's hair was found in the trunk renders this inference more probable than if no such hair had been found. We conclude that the testimony concerning the

hair was relevant and admissible. The lack of expert testimony concerning the similarities between Yolanda's hair and that found in the trunk merely went to the weight of the evidence. *State v. Kelly*, 111 Ariz. 181, 526 P.2d 720 (1974), cited by appellant is not in point.

Appellant finally contends his convictions for the armed kidnapping of Rosa Zazueta and the rape of Yolanda Felix were contrary to law and the weight of the evidence. We disagree. Rosa testified that she and Yolanda wanted to get out of the car but appellant pulled a gun and pointed it at them. Officer Janes testified that appellant admitted he might be guilty of kidnapping. Yolanda testified appellant put his penis in her vagina and her testimony as a whole shows this occurred without her consent.

We have searched the record as required by A.R.S. § 13-1715. There is no error.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.