562 P.2d 734

**STATE of Arizona, Appellee,**

v.

**Donald Craig WYNN, Appellant.**

**No. 1 CA–CR 1795.**

Court of Appeals of Arizona,
Division 1, Department A.

Feb. 15, 1977.

Rehearing Denied March 22, 1977.

Review Denied April 12, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., and Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Aspey, Watkins & Diesel by Frederick M. Aspey, Flagstaff, for appellant.

## OPINION

DONOFRIO, Judge.

After a jury trial, appellant Donald Craig Wynn was convicted of first degree burgla-ry in violation of A.R.S. § 13–302 and was placed on probation for a period of five years with the condition that he be incarcerated in the Coconino County jail for one year and to pay costs of prosecution in the amount of $600.

Throughout all trial proceedings and this appeal, appellant was represented by counsel. Counsel has filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), and has presented five arguable issues for review. First, whether certain statements made by appellant were improperly admitted into evidence. Second, whether a mistrial should have been granted after one of the investigating officers testified that boot prints found at the scene of the crime were similar to the type of boots worn by the appellant. Third, whether a judgment of acquittal should have been granted at the close of the State's case. Fourth, whether appellant's requested instruction should have been given concerning the degree of corroboration necessary to convict where appellant is found in possession of stolen property. Fifth, that appellant's motion to vacate judgment should have been granted based upon an alleged statement by a juror which would reflect bias and prejudice.

After the filing of counsel's *Anders* brief this Court entered an order granting the appellant an additional period of time within which to file a supplemental brief. No supplemental brief has been filed by the appellant.

Before stating the facts, we first address appellant's argument that the trial court erred in failing to grant the motion to vacate judgment. Although not raised by the parties, we have exercised the Court's inherent responsibility to examine its own jurisdiction, *State v. Cuzick*, 5 Ariz.App. 498, 428 P.2d 433 (1967), and conclude that this is not properly before the Court.

The judgment of guilt and sentence were entered in this case on January 26, 1976. Appellant's only notice of appeal was filed February 5, 1976 appealing solely from

the January 26, 1976 judgment and sentence. Thereafter, on February 17, 1976 appellant's motion to vacate judgment was filed pursuant to Rule 24.2, Rules of Criminal Procedure, 17 A.R.S. This motion was denied by minute entry order dated March 29, 1976. No notice of appeal was filed in relation to the denial of the motion to vacate judgment.

As stated in the comment to Rule 24.2, this rule along with Criminal Rule 24.3 was designed to replace the use of Civil Rule 60(c) in criminal post-trial proceedings. The rulings on such post-trial motions are separately appealable orders. A.R.S. § 13–1712(5) Laws 1969, and A.R.S. § 13–1713 provide for appeals by the State or the defendant in a criminal action where an order has been made after judgment affecting the substantial rights of a party. The anticipation of a subsequent separate appeal from a Rule 24.2 motion is also reflected in Rules 31.2(f)(4), 24.2(c), and Rule 31.4.

The time limits for filing a motion to vacate judgment are found in Rule 24.2(a). The motion must be made no later than 60 days after the entry of judgment and sentence but before perfection of the appeal. Thus, because the notice of appeal must be filed within 20 days after the entry of judgment and sentence and yet *perfection* of the appeal does not take place until 15 days after the appellate court's Rule 31.10 notice of completion is given, it is possible that the motion to vacate judgment may not be ruled upon—or in many cases even filed— prior to jurisdiction being passed to the appellate court by the filing of the notice of appeal. Rules 31.2(f)(4) and 24.2(c) attempt to avoid potential confusion created by concurrent jurisdiction in the two courts by providing for notice to the appellate court when a post-judgment motion is filed. See comments to Rule 24.2.

The notice required by these rules is designed to do more than just inform the appellate court of the proceedings in the trial court. It also triggers the stay provisions of Rule 31.4(a) which give the court discretion to stay the appeal if the jurisdictional overlap threatens to waste the efforts of the courts or the parties. In considering whether to grant the stay, the court is guided in part by judicial efficiency which may be gained by "consolidation of an appeal from the decision on the motion * * * with the appeal already pending." See comment to Rule 31.4(a). The consolidation is provided by Rule 31.4(b)(2):

"An appeal from a final decision on a Rule 24 motion or Rule 32 petition filed prior to a notice of appeal or filed while an appeal is pending and decided while the appeal is stayed, shall be consolidated with an appeal from the judgment or sentence, unless good cause is shown why such consolidation should not occur."

█ From the language and scheme of these rules it is clear that a ruling on a 24.2 motion is a separately appealable order.[1] The appellant having failed to file a notice of appeal from the denial of his motion to vacate within 20 days after the ruling on the order as required by Rules 31.2(a) and 31.2(d) we have no jurisdiction to proceed with the merits of this argument.

Turning to the facts and reviewing them in a light most favorable to sustaining the jury's verdict, *State v. Garcia*, 102 Ariz. 468, 433 P.2d 18 (1967), they reveal that on the evening of June 24, 1975 a police officer was on routine patrol in Flagstaff, Arizona, at approximately 11:40 p. m. when he saw appellant's automobile lights turn on and appellant's car hurriedly leave its parked position on a dirt cul-de-sac next to a fenced lumber yard. The officer, in an unmarked patrol car, followed the appellant for approximately three-fourths of a mile

---

1. We recognize that Rule 31.4(b)(2) also seems to anticipate "an appeal" from a ruling on a Rule 32 petition. However, Rule 32.9(c) clearly states that review to this Court is not by appeal but by petition for review.

The genesis of this ambiguity appears to be an inadvertent holdover of the word "appeal" as a means of review from Rule 32 petitions which should have been corrected when the appeal provisions of the originally proposed Rule 35.10 were dropped. Cf. *State v. Brown*, 112 Ariz. 29, 536 P.2d 1047 (1975).

while appellant went through several stop signs and eventually drove into a trailer park. At that point the officer turned on his emergency lights and stopped the appellant with the intention of questioning him as to his reason for being parked in the predominately commercial area at that hour of the evening. While checking the appellant's driver's license the officer noticed a large roll of fencing wire in the back seat of appellant's car. When asked about the wire, the appellant responded that he had purchased the wire for $20.00 approximately two days previously from a man whom he did not know. The appellant explained further that he used the wire in his job as a construction worker and offered to verify this statement by showing the officer some tools of his trade which he carried in the trunk of his car. Upon opening the trunk of the car, the officer saw another large roll of fencing wire along with the tools described by appellant. At that point the officer radioed for assistance requesting two other officers to check the lumber yard for any evidence of a burglary and whether the type of wire found in the appellant's car was stored at the lumber yard. Similar wire of the same brand was found and this message was radioed to the first officer.

The appellant was placed under arrest, advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and was returned to the lumber yard.

Further investigation that evening revealed that the prongs on top of the fence surrounding the lumber yard next to where appellant's car was parked had been bent down and there were two separate imprints with grid-like markings found outside the fence which appeared to be markings produced by throwing heavy bundles of wire over the fence. The owner was called to the yard and his invoices showed that there had been three bales of wire like the one in appellant's car purchased five days earlier and according to his records none had been sold. Only one was found inside the yard. In addition, there were cowboy-type boot prints found both inside the yard and out-

side on the road by where the appellant's car was parked. The appellant was wearing cowboy boots and upon being confronted with this evidence stated that he had been in the yard the day before purchasing some supplies.

The first issue to be considered is whether the trial court should have suppressed the statements made by appellant immediately after the stop concerning his possession of the wire. Appellant asserts that he was "in custody" upon being stopped by the arresting officer and any questioning thereafter in the absence of a valid waiver of his *Miranda* rights was impermissible.

 Without question, appellant was temporarily deprived of freedom of action when he was stopped. Under the circumstances, the officer had a founded suspicion that criminal activity might be afoot and the stop was by no means unreasonable. *State v. Ochoa*, 112 Ariz. 582, 544 P.2d 1097 (1976). However, the fact that an officer is suspicious of an individual is not the test of whether *Miranda* warnings must be given prior to questioning. *State v. Bainch*, 109 Ariz. 77, 505 P.2d 248 (1973). Limited questioning during a reasonable investigatory detention is permissible where the confrontation has not reached the "interrogation stage." *State v. Landrum*, 112 Ariz. 555, 544 P.2d 664 (1976), cf., *State v. Dean*, 112 Ariz. 437, 543 P.2d 425 (1975). The officer's questioning was non-accusatory in nature and was merely in furtherance of a proper preliminary investigation. The trial court was correct in permitting these statements into evidence.

 Next, appellant argues that a mistrial should have been granted after the arresting officer testified that the boot prints found at the scene of the burglary were similar to the type of boots worn by the appellant. Appellant asserts error in that the officer was not qualified as an expert to give his opinion as to the matching of the boots. However, the trial court, in response to appellant's motion in limine, specifically precluded the officer from drawing any opinion as to the prints being made by appellant's boots. His testimony

being limited solely to his observations, it was relevant and admissible. *State v. Morris*, 26 Ariz.App. 342, 548 P.2d 435 (1976).

 Appellant's third argument, that his motion for judgment of acquittal should have been granted, is without merit. Under Rule 20, Rules of Criminal Procedure, 17 A.R.S., a judgment of acquittal will only be granted where there is "no substantial evidence to warrant a conviction." *State v. Money*, 110 Ariz. 18, 514 P.2d 1014 (1973). The testimony of the owner that the bales of wire were missing, the fact that the same type and brand of wire was found in the appellant's possession and the other physical evidence at the scene of the crime presented substantial evidence for the case to be presented to the jury.

 Appellant's last argument, that the trial court erred in failing to give his requested instruction concerning corroboration of possession of stolen property, is also without merit. The offered instruction required that in addition to proof of possession of stolen property, there must also be proof of corroborating circumstances tending of themselves to establish guilt. This instruction, which was taken almost verbatim from *State v. Hunter*, 5 Ariz.App. 112, 423 P.2d 727 (1967), was rejected in that case and does not state the law of this jurisdiction.

We have reviewed the entire record as required by A.R.S. § 13–1715 and find no fundamental error.

The judgment and sentence are affirmed.

NELSON, P. J., and OGG, J., concur.