926 P.2d 528

**STATE of Arizona, Appellee,**

v.

**Stephen Sabin BACA, Appellant.**

**No. 1 CA–CR 95–0718.**

Court of Appeals of Arizona,
Division 1, Department E.

Oct. 29, 1996.

---

**62**

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Crane McClennen, Assistant Attorney General, Phoenix, for Appellee.

Myrna J. Parker, Navajo County Public Defender, Holbrook, for Appellant.

## OPINION

SULT, Judge.

Stephen Sabin Baca ("defendant") appeals from a trial court order denying his Rule 24.3 motion to modify sentence. *See* Ariz. R.Crim. P. 24.3. We dismiss defendant's appeal because we find that in defendant's circumstances, a direct appeal of a denial of a Rule 24.3 motion is precluded by Arizona

Revised Statutes Annotated ("A.R.S.") section 13–4033(B) (Supp.1995).

## FACTUAL AND PROCEDURAL HISTORY

Defendant entered into a probation violation agreement admitting that he violated a written term of his probation.[1] At the admission hearing conducted on July 13, 1995, the trial court informed defendant that by admitting to a violation of his probation, he was waiving, among other things, his right to direct appeal. He was further informed that his only means for review of his admission and any disposition imposed thereon was through a petition for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. The trial court found defendant's admission was made knowingly, intelligently, and voluntarily and accepted the admission. At disposition, the court found probation was no longer appropriate and sentenced defendant to aggravated, consecutive terms of one and three quarter years imprisonment on three counts of sexual conduct with a minor, all class six felonies.

Defendant did not petition for Rule 32 relief nor did he attempt to directly appeal from his revocation and disposition proceedings. Instead, he moved the trial court to modify his sentence pursuant to Rule 24.3 of the Arizona Rules of Criminal Procedure, alleging the sentence was unlawfully imposed because the trial judge failed to consider substantial mitigating factors. The trial court denied defendant's motion without comment. From this denial, defendant timely appealed.

## DISCUSSION

■ The state presents a threshold issue which we must address. That issue is whether admitting to a violation of probation precludes a defendant from seeking direct

1. Defendant had been placed on three years of intensive probation on July 1, 1992. As a special written condition of probation, defendant was prohibited from engaging in any activity, including work, where girls under the age of eighteen were present, unless authorized by court order. Between November 1994 and January 1995, while officiating at high school wrestling matches, defendant allegedly made advances to a fifteen year old cheerleader by making suggestive remarks, touching her, calling her at home, and requesting dates. Pursuant to the probation violation agreement, defendant admitted that, without prior written court authorization, he officiated at wrestling matches where underage girls were present.

appellate review of a trial court's denial of a Rule 24.3 motion. Stated another way, is defendant's exclusive avenue for appellate review of an allegedly illegal sentence a Rule 32 petition for post-conviction relief and, if denied, a petition for review to this court?

■ Our analysis of this issue requires that we construe rules of court, as well as statutes, and in construing court rules, we apply principles of statutory construction. *State v. Stewart*, 168 Ariz. 167, 168, 812 P.2d 985, 986 (1991). Our construction must necessarily be governed by the overarching principle that when interpreting a court rule or statute, we are seeking to ascertain the intent of the framer. *Tucson Elec. Power Co. v. Arizona Dep't of Revenue*, 174 Ariz. 507, 511, 851 P.2d 132, 136 (App.1992). Moreover, we presume that the framer did not intend an absurd result and our construction must be aimed at avoiding such a consequence. *Resolution Trust Corp. v. Western Technologies, Inc.*, 179 Ariz. 195, 201, 877 P.2d 294, 300 (App.1994).

Prior to 1992, a defendant could appeal directly from a judgment or sentence entered pursuant to a guilty plea or admission to a probation violation. *See State v. Stotts*, 144 Ariz. 72, 77, 695 P.2d 1110, 1115 (1985). Moreover, separate from a direct appeal from the sentence, a defendant could directly appeal from a post-conviction order denying a Rule 24.3 motion to modify a sentence. *See State v. Wynn*, 114 Ariz. 561, 562–63, 562 P.2d 734, 735–36 (App.1977). In 1992, however, the Arizona Supreme Court made extensive amendments to the rules of procedure governing post-conviction relief, guilty pleas and probation violation admissions. Ariz. R.Crim. P. 32, 17, 27 (Supp.1995). Concurrently, the Arizona legislature amended A.R.S. section 13–4033, governing criminal appeals by defendants, and sections 13–4231 to 13–4240, governing post-conviction relief. 1992 Ariz. Sess. Laws, Chs. 184, § 1, 358, §§ 1–9. These rule and statutory changes were intended to preclude defendants in non-capital cases from seeking direct appellate review of a judgment or sentence that is entered pursuant to a guilty plea or a probation violation admission. *See Wilson v. Ellis*, 176 Ariz. 121, 123, 859 P.2d 744, 746 (1993).

The state argues that these rule and statutory changes also preclude direct appellate review of the denial of a post-conviction Rule 24.3 motion when a defendant admits a violation of probation.

Defendant argues the contrary proposition and begins by pointing out that none of the amendments to the court rules referenced Rule 24.3. From this, defendant concludes that our Supreme Court did not intend to affect the pre–1992 procedure whereby a defendant could appeal from an order denying Rule 24.3 relief separately from any appeal from the underlying conviction or sentence. *Wynn*, 114 Ariz. at 562–63, 562 P.2d at 735–36; *see also State v. Renner*, 177 Ariz. 395, 397, 868 P.2d 978, 980 (App.1993) (noting in a guilty plea appeal decided under the pre–1992 procedure that a defendant's failure to appeal a Rule 24.3 denial did not deprive the appellate court of jurisdiction to decide the same issues in defendant's direct appeal from the sentence, citing *Wynn* ).

Defendant acknowledges the legislature's 1992 amendments to section 13–4033, but argues that, assuming these amendments are construed to rescind the right to appeal from the denial of a Rule 24.3 motion, they are in direct conflict with that rule and the prior judicial interpretation placed on it by *Wynn*. Therefore, defendant reasons, the statute is ineffective to accomplish such rescission since the constitution vests rulemaking power exclusively in the supreme court, citing *State v. Jackson*, 184 Ariz. 296, 298, 908 P.2d 1081, 1083 (App.1995).

■ There is some superficial validity to defendant's argument. It is true that the legislature lacks the power to adopt a procedural rule inconsistent with one enacted by our Supreme Court. *State v. Bejarano*, 158 Ariz. 253, 254, 762 P.2d 540, 541 (1988). It is also true that the judicial interpretation of a court rule becomes as much a part of the rule as if the words were originally included therein. *See State v. Bateman*, 113 Ariz. 107, 110, 547 P.2d 6, 9, *cert. denied* 429 U.S. 864, 97 S.Ct. 170, 50 L.Ed.2d 143 (1976). One could conclude, in light of the construction placed on Rule 24.3 by *Wynn*, that an appeal from a Rule 24.3 denial was an appellate remedy entirely separate from other ap-

peals. Consequently, since our Supreme Court did not see fit to amend Rule 24.3 to delete this separate appellate remedy, it must have intended that the remedy remain in place.

▉ The flaw in defendant's argument is that the right to appeal is a substantive right, subject to control by our constitution and the legislature. *State v. Birmingham,* 95 Ariz. 310, 316, 390 P.2d 103, 107, *on reh'g,* 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964). While the manner in which this right is to be exercised is controlled by court rules, such rules can neither augment nor diminish the substantive right to appeal. *Id.* Viewed in this context, *Wynn* is explained as merely dictating the manner in which an appeal of a denial of a Rule 24.3 motion is taken; namely, separately from an appeal from the underlying judgment and sentence. *Wynn* does not, and cannot, stand for the proposition asserted by defendant that Rule 24.3 creates a separate substantive right of direct appeal.

This does not end the inquiry, however, since we must now determine whether this substantive right to direct appeal, which admittedly existed prior to 1992, has since been affected by legislative action. The original source of the right to appeal from the denial of a Rule 24.3 motion was found in the pre-1992 version of section 13–4033. Prior to 1992, that section provided that a defendant could appeal from:

1. A final judgment of conviction.

2. An order denying a motion for a new trial or denying a motion for an arrest of judgment, or from an order made after judgment affecting the substantial rights of the party.

3. A sentence on the grounds that it is illegal or excessive.

A.R.S. § 13–4033 (1989). A denial of a Rule 24.3 motion constituted a post-judgment order affecting substantial rights under subsection (2) and was thus an order to which the substantive right of appeal attached. *See Wynn,* 114 Ariz. at 562–63, 562 P.2d at 735–

36 (construing predecessor to section 13–4033).

In 1992, however, the legislature redesignated the language quoted above as subsection (A)[2] and added subsection (B) which provides:

In noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation.

A.R.S. § 13–4033(B) (Supp.1995). The question now becomes whether this amendment effectively rescinded the right to appeal from the denial of a Rule 24.3 motion.

Defendant notes that subsection (B) speaks only to "judgment" and "sentence." Defendant then argues that "judgment" can only refer to a "final judgment of conviction" in subsection (A)(1) and "sentence" can only refer to the same term in subsection (A)(3). Therefore, defendant reasons, the legislature intended that the right to appeal from post-judgment orders provided in subsection (A)(2) would be unaffected by the addition of subsection (B) since the subsection makes no mention of such orders. *See City of Phoenix v. Donofrio,* 99 Ariz. 130, 133, 407 P.2d 91, 93, (1965) (a court will not inflate, expand, stretch or extend a statute to matters not falling within its expressed provisions).

Again, defendant's argument has superficial appeal. To properly evaluate the argument, we must see where it leads. The 1992 amendments to section 13–4033 were just part of a broader series of amendments involving post-conviction relief. Also amended were sections 13–4231 through 13–4240 dealing with post-conviction procedures. In addition, our Supreme Court made extensive amendments to Rule 32, also dealing with post-conviction procedures, and Rules 17 and 27, dealing with guilty pleas and probation violation admissions. Since these statutes and rules are all part of the same subject matter as section 13–4033, it is necessary to view them together with section 13–4033 as one system governed by one policy and spirit. *State v. Sweet,* 143 Ariz. 266, 270–71, 693 P.2d 921, 925–26 (1985) (statutes which relate

---

**2.** Subsection (A) was also amended in part, but these amendments are not relevant to our analy-   sis in this matter.

to the same subject matter must be construed together).

The desired effect of the post-conviction relief amendments is perhaps best reflected in Rule 27.8, dealing with notice to a defendant who wishes to admit a violation of probation. An admitting defendant is advised, *inter alia*, that he "will waive the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review." Ariz. R.Crim. P. 27.8(e). *See also* Ariz. R.Crim. P. 17.1(e) (mandating the same advice be given to a defendant pleading guilty to an original charge). This language evidences the underlying purpose of the statutory and rule amendments, which was to unclog an appellate system burdened with guilty plea and probation violation admission appeals and divert such cases to the Rule 32 process. *State v. Wilson*, 174 Ariz. 564, 566, 851 P.2d 863, 865 (App.1993) (" 'The appellate process is taxed enough with the volume of cases that pose serious questions for resolution. It is an abuse of the process to clog an already crowded docket with appeals that could easily be resolved under the Rule 32 process.' " quoting *State v. Georgeoff*, 163 Ariz. 434, 437–38, 788 P.2d 1185, 1188–89 (1990)). Subsequent to the amendments, our Supreme Court confirmed that Rule 32 was to be "the only way a defendant can exercise that right [to appellate review] after pleading guilty." *Montgomery v. Sheldon*, 181 Ariz. 256, 261, 889 P.2d 614, 619 (1995). *See also State v. Smith*, 184 Ariz. 456, 458, 910 P.2d 1, 3 (1996) ("[a] pleading [or admitting] defendant ... may seek review only by filing in the trial court a petition for post-conviction relief pursuant to Rule 32.").

The adoption of defendant's interpretation of section 13–4033(B) would mean that notwithstanding the clear advice of Rules 27.8 and 17.1(e), a pleading or admitting defendant could obtain direct appellate review of his sentence simply by pausing long enough after sentencing to file a Rule 24.3 motion, and then appealing its denial.[3] While such an interpretation would have the effect of turning the 1992 amendments on their head, defendant nevertheless argues that this result was what the legislature intended.

Some justification for defendant's argument might be found if there were some difference between the grounds for relief available under the two procedures. In this connection, we note that Rule 24.3 provides:

> The court may correct any unlawful sentence or one imposed in an unlawful manner within 60 days of the entry of judgment and sentence but before the defendant's appeal, if any, is filed.

Rule 32.1, dealing with the scope of Rule 32 grounds for relief, provides in subsection (c) that a defendant may seek relief on the ground that:

> The sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law.

Precisely the same language is found in section 13–4231(3).

It is clear from a reading of the two rules, and section 13–4231(3), that there is no meaningful distinction between the grounds for relief available under the two procedures. Here, for example, defendant has alleged that the trial judge failed to consider substantial mitigating circumstances. A.R.S. section 13–702(D) requires that the trial court, in determining an appropriate sentence, "shall consider [certain] mitigating circumstances." If defendant's allegations are true, the trial court did not comply with this statutory prerequisite to a valid sentence and therefore imposed a sentence "without due regard to the procedures required by statute," Rule 24.3, or imposed a sentence "not in

---

**3.** Although not directly involved in this appeal, a comparison of Rule 24.2, relating to grounds for vacating a judgment, and subsections (a), (b) and (e) of Rule 32.1, and subsections (1), (2), and (5) of section 13–4231, also relating to grounds for vacating a judgment, yields the same result. Again, we see no material difference between the grounds cited in Rule 24.2 and the cited provisions of Rule 32.1 and the companion statute. Consequently, under defendant's interpretation, an admitting or pleading defendant could obtain direct appellate review of his conviction simply by filing, post-judgment, a Rule 24.2 motion and appealing its denial.

accordance with the sentence authorized by law," Rule 32.1(c) and section 13–4231(3).

Defendant's assertion that section 13–4033(B) has no impact on post-judgment motions requires us to believe that the legislature and our Supreme Court intended by the 1992 amendments to address the problem of an overflowing appellate system by continuing to maintain channels through which appeals could flow. As *Wilson, Montgomery* and *Smith* teach, however, the intent was just the opposite: to divert all such appeals to the Rule 32 process. While a literal reading of the terms "judgment" and "sentence" in section 13–4033(B) might lend some support to defendant's position, we are not required to accord such a reading when the result is an "absurdity . . . clearly at variance with the legislative intent." *Keller v. State,* 46 Ariz. 106, 117, 47 P.2d 442, 447 (1935). Rather, we must modify, alter or supply language in order to give effect to the manifest intent of that body. *Id.* We therefore reject defendant's interpretation and hold that the right to appeal from the denial of an "order made after judgment affecting the substantial rights of the party," section 13–4033(A)(2), has been impliedly amended to the extent that if the appeal is from a denial of a Rule 24.3 motion, the right to such an appeal is not available to a defendant who has made "an admission to a probation violation," section 13–4033(B). *See State v. Morris,* 7 Ariz.App. 326, 329, 439 P.2d 298, 301 (1968) (proper to imply an amendment where the intent of the legislature is clear and where the subject statutes would otherwise be inconsistent with that intent).

## CONCLUSION

Defendant does not have a right to directly appeal to this court from the trial court's denial of his Rule 24.3 motion. We therefore dismiss his appeal.

GERBER and KLEINSCHMIDT, JJ., concur.