NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

CHIP MORAY SMITH, *Petitioner*,

*v.*

THE HONORABLE RICK A. WILLIAMS, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MOHAVE, *Respondent Judge*,

STATE OF ARIZONA ex rel. MATTHEW J. SMITH, Mohave County
Attorney, *Real Party in Interest*.

No. 1 CA-SA 14-0042
FILED 4-8-2014

———————————————

Petition for Special Action from the Superior Court in Mohave County
No.  CR-2001-1143
The Honorable Rick A. Williams, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

———————————————

COUNSEL

Mohave County Legal Defender's Office, Kingman
By Diane S. McCoy
*Counsel for Petitioner*

---

**DECISION ORDER**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1          Petitioner, Chip Moray Smith (Smith), filed this petition requesting special action relief from the trial court's order dismissing his Notice of Post Conviction Relief (PCR).  The trial court ruled that Smith's counsel's assertion that she was unaware she needed to file a separate notice of appeal from the trial court's order denying Smith's motion to vacate judgment (MVJ) in order to comply with *State v. Wynn*, 114 Ariz. 561, 562 P.2d 734 (App. 1977), was an insufficient reason to allow the filing of a delayed appeal.  No response was filed by Real Party in Interest, the State of Arizona (the State).[1]  For the reasons discussed below, we accept special action jurisdiction and grant relief.

**FACTS AND PROCEDURAL HISTORY**

¶2          Smith was convicted of a crime and sentenced on August 8, 2012.  Thereafter, on August 20, 2012, Smith's counsel filed a MVJ pursuant to Arizona Rule of Criminal Procedure 24, and on August 22, 2012, Smith's counsel filed a notice of appeal, which specifically appealed Smith's conviction and sentence.  The trial court subsequently denied Smith's MVJ.  Neither Smith's trial nor appellate counsel filed a notice of appeal from the trial court's denial of the MVJ.

¶3          Smith currently has an appeal pending before this court, designated as 1 CA-CR 12-0550 (the Appeal).  Within the Appeal, Smith argues, among other things, that the trial court improperly denied the MVJ, which the trial court decided after Smith filed his notice of appeal of the underlying conviction.  Smith properly noticed the appeal of the underlying conviction and sentence, and included the denial of the MVJ in the Appeal.  However, Smith's counsel failed to file a second notice of

---

[1]     The record indicates that both the Attorney General's Office and the Mohave County Attorney's Office were served with the Petition for Special Action.

appeal for the denial of the MVJ. As a result, we determined we lacked jurisdiction to review the denial of the MVJ because a ruling on a MVJ is a separate appealable order pursuant to this court's decision in *Wynn*, 114 Ariz. at 563, 562 P.2d at 736. We entered an order on February 12, 2014, staying the appeal to allow Smith to request the trial court's permission to file a delayed appeal from the denial of the MVJ.

**¶4** Upon return to the trial court, Smith's counsel filed a notice of PCR pursuant to Rule 32.1. Smith's counsel informed the trial court that PCR relief was appropriate because counsel had been unaware of the *Wynn* requirement to file a separate notice of appeal following the trial court's denial of a MVJ. And if she did not know a new notice of appeal needed to be filed, Smith could not have known of the requirement, which was a ground for the trial court to grant relief and accept a delayed appeal of this issue. *See* Ariz. R. Crim. P. 32.1.f (2014). Smith's counsel also contended the State's briefing on the issue of the denial of the MVJ and its failure to raise *Wynn* as a defense in its appellate briefing, possibly indicated the State was also unaware of *Wynn*'s requirements. The State filed a response and objected to Smith's Rule 32 PCR notice.

**¶5** The trial court treated the notice of PCR as a "request for Permission to file a delayed appeal," denied the request and dismissed Smith's notice of PCR.

**¶6** Smith filed this special action seeking relief from the trial court's dismissal. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 (2003), -2101.A.4 (Supp. 2013), Arizona Rule of Criminal Procedure 32, and Arizona Rules of Procedure for Special Action 1 and 3.

## DISCUSSION

I.    Special Action Jurisdiction

**¶7** Special action relief is appropriate when a petitioner does not have an "equally plain, speedy, and adequate remedy by appeal." Ariz. R.P. Spec. Act. 1(a). A petitioner may seek special action relief to determine whether a trial court's ruling "was arbitrary and capricious or an abuse of discretion." Ariz. R.P. Spec. Act. 3(c). We may accept special action jurisdiction when the petitioner is foreclosed from otherwise obtaining judicial review. *See State ex rel. McDougall v. Super. Ct. in and for Cnty. of Maricopa*, 172 Ariz. 153, 155, 835 P.2d 485, 487 (App. 1992). Smith argues the trial court abused its discretion and acted in excess of its authority by dismissing Smith's notice of Rule 32 PCR. We accept

jurisdiction to determine whether the trial court's dismissal was arbitrary, an abuse of discretion, or in excess of its authority.

II.      Arizona Rule of Criminal Procedure 32

**¶8**          As previously stated, following our determination that this court lacked jurisdiction to review Smith's appellate challenge to the denial of the MVJ, Smith filed a notice in the trial court of his intent to request relief to file a delayed appeal pursuant to Rule 32.1.f.  Rather than evaluate Smith's notice under the requirements for relief outlined in Rule 32.1.f, the trial court dismissed the notice, remarking that the question before the trial court was "whether or not the trial court should grant the defendant permission to seek a delayed appeal of its denial of the [MVJ]." However, the proper standard to evaluate a Rule 32.1 PCR notice is whether relief is appropriate under one of the grounds enumerated in the rule.

**¶9**          A defendant has the right to obtain PCR, or institute a proceeding to secure "appropriate relief," when the defendant has failed to file a timely notice of appeal and such failure was not the defendant's fault.  Ariz. R. Crim. P. 32.1.f.  Here, Smith's counsel incorrectly assumed the filing of the first notice of appeal was sufficient to grant this court jurisdiction to also review the denial of the MVJ.  Moreover, the State's actions in briefing the issue in the Appeal seem to indicate the State was also unaware of the notice problem and was prepared to defend Smith's appeal of both the denial of the MVJ as well as Smith's conviction and sentence.  We agree with Smith that if counsel on both sides were unaware Smith needed to file a second notice of appeal following the denial of the MVJ, then Smith, himself, cannot be expected to have known he needed to do so.

**¶10**          Therefore, Smith was not at fault for failing to file a second notice of appeal from the denial of the MVJ, and he is entitled to PCR. Accordingly, we reverse the trial court's order denying Smith Rule 32.1.f relief and grant his request to file a delayed notice of appeal on the denial of the MVJ.

**CONCLUSION**

**¶11**        For the foregoing reasons, we accept special action jurisdiction, grant relief, and vacate the trial court's order dismissing Smith's Notice of PCR pursuant to Rule 32.1.  We also order that Smith may file a delayed notice of appeal regarding the denial of the MVJ, within ten days from the date of this decision.



Ruth A. Willingham · Clerk of the Court
FILED: MJT