924 P.2d 109

**In the Matter of 1988 CHEVROLET ½ PU, VIN: 1GCDC14K0JZ277075, Lic: 3145–AL. Seized in AZ. DPS Case No. 95–01942.**

**F.I.D. No. 950126UC04 Claimant: Anna Maria Bazua.**

**No. 2CA–CV95–0251.**

Court of Appeals of Arizona, Division 2, Department B.

May 28, 1996.

Review Denied Sept. 24, 1996.*

---

* Chief Justice Feldman and Justice Moeller voted to grant the Petition for Review.

Nash & Jones, P.C. by Richard B. Jones and Walter B. Nash, III, Tucson, for Claimant.

Stephen D. Neely, Pima County Attorney by Christopher J. Roads, Tucson, for State.

Grant Woods, The Attorney General by Cameron H. Holmes, Phoenix, for amicus curiae.

HATHAWAY, Judge.

This appeal is taken from the trial court's conclusion that appellant failed to carry her burden of proof in a forfeiture case. Appellant permitted her brother to use her pickup truck. He was stopped for speeding, and when the officer approached the truck, he smelled and then found a quantity of marijuana in the truck. The state sought forfeiture of the truck, which appellant contested, claiming that she did not know nor should she have known that her brother would transport marijuana in it. The trial court ordered forfeiture and this appeal followed.

The state argues that this court lacks jurisdiction to consider this case, citing A.R.S. § 13–2314(M). That statute states, in part:

> A party who files a notice of appeal from a civil action brought under this chapter or chapter 39 of this title shall serve the notice and one copy of the appellant's brief on the attorney general at the time the person files the appellant's brief with the court. *This requirement is jurisdictional.*

(Emphasis added). Appellant admits that she did not file a notice of appeal and a copy of her opening brief with the Attorney Gen-

eral when she filed her opening brief with this court. She argues, however, that the Attorney General suffered no prejudice as she subsequently filed a copy of her opening brief with the Attorney General who responded with an *amicus* brief. She also argues that an appeal is perfected and that jurisdiction vests with the timely filing of a notice of appeal, relying on Ariz.R.Civ.App.P. 8(a), 17B A.R.S., which states, in part:

> Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.

This rule has effect only when the subject matter of the appeal is within the jurisdiction of the appellate court. The Arizona Legislature has determined that, in forfeiture cases, the simultaneous filing of appellant's notice of appeal and one copy of the opening brief with the Attorney General and the appellate court is a jurisdictional requirement. This court only has such jurisdiction as the legislature grants. A.R.S. § 12–2101. In his *amicus* brief, the Attorney General argues that because he received notice of the appeal in sufficient time to file a brief, he has no objection to this court considering the merits of the appeal. Parties cannot consent, however, to confer jurisdiction over subject matter that the court does not otherwise have. *Porter v. Porter*, 101 Ariz. 131, 416 P.2d 564 (1966), *cert. denied*, 386 U.S. 957, 87 S.Ct. 1028, 18 L.Ed.2d 107 (1967); *Kelly v. Kelly*, 24 Ariz.App. 582, 540 P.2d 201 (1975).

Appellant also argues that A.R.S. § 13–2314(M) is unconstitutional in that it usurps the rule-making power of the court and violates due process by erecting an unreasonable barrier to a forfeiture claimant. The statute has no more effect on the rule-making power of the court than does § 12–2101. The argument that § 13–2314(M) erects an unreasonable barrier to a forfeiture claimant is without merit. The statute merely requires the claimant to send a copy of the notice of appeal and one copy of the opening brief to the Attorney General.

Because this court does not have jurisdiction to hear this appeal, it is dismissed.

DRUKE, C.J., and ESPINOSA, P.J., concur.