933 P.2d 1227

**HARRIS TRUST BANK OF ARIZONA (successor) to Harris Trust Company of Arizona, an Arizona corporation; Harris Trust and Savings Bank of Illinois, a wholly owned subsidiary of Harris Bankcorp, Incorporated, an Illinois corporation; Thomas R. Hackett and Col-**

leen Hackett, husband and wife; James T. Andras and Christine Andras, husband and wife; Robert Turpin and Alleene Turpin, husband and wife; George Fischer and Sharon Fischer, husband and wife, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Michael D. Jones, a judge thereof, Respondent Judge,

Paola MATHES, Settlor and Beneficiary of the Paola Mathes Revocable Trust; and Mitchell Vette Mathes, Jeffrey Vette Cooke, Christine Ann Bila, individually and on behalf of Alana Stone, as beneficiaries of the Paola Mathes Trust, Real Parties in Interest.

No. 1 CA–SA 96–0168.

Court of Appeals of Arizona, Division 1, Department A.

Sept. 5, 1996.

Review Denied March 25, 1997.

Ross, Sacks & Glazier by Bruce S. Ross, Robert N. Sacks, Kenneth M. Glazier, Los Angeles, CA, Sacks Tierney, P.A. by James W. Armstrong, Gaye L. Gould, Phoenix, for Petitioners.

Laubach & Lake by John Laubach, Stephanie Lake, Phoenix, Bailey, Cohen, Quigley, & Campbell, PLC by Eugene D. Cohen, Chad S. Campbell, Phoenix, for Real Parties in Interest.

## OPINION

TOCI, Presiding Judge.

Harris Trust Bank of Arizona ("Harris Trust") petitions for special action relief from the trial court's ruling precluding it from raising the statute of limitations defense at trial. On motion, the trial court struck the defense, concluding that a trustee cannot assert the statute of limitations defense against a beneficiary while the trust is in existence. We hold that the trustee is not precluded from raising the statute of limitations as a defense to a beneficiary's claim for damages for breach of trust. Accordingly, we grant relief by vacating the order precluding the use of the statute of limitations defense and remand for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Paola Mathes is the settlor and beneficiary of the Paola Mathes Revocable Trust ("Mathes Trust"). In May 1975, Mathes entered a trust agreement with Harris Trust's predecessor making it trustee of the Mathes Trust. During its administration of the trust, Harris Trust invested funds of the Mathes Trust in real estate and related securities as well as interests in oil and gas exploration. Some of these investments resulted in the loss of substantial trust assets.

On June 9, 1994, Mathes filed a complaint against Harris Trust and other individual defendants alleging breach of fiduciary duty, breach of contract, the sale of unregistered securities, the sale of securities by an unregistered broker/dealer, fraud, and racketeering. These allegations related to investments made by Harris Trust from 1980 to 1986. Harris Trust answered by asserting, among other things, the affirmative defense of the statute of limitations. When the trial court struck the defense, this special action followed.

## II. DISCUSSION

### A. Jurisdiction

 The acceptance of special action jurisdiction is highly discretionary in this court. Ariz. R.P. Spec. Act. 3 cmt.; *King v. Superior Ct.*, 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983). Moreover, special action is not available where there is an equally plain, speedy, and adequate remedy by appeal. Ariz. R.P. Spec. Act. 1. We generally accept jurisdiction only in those cases in which "justice cannot be satisfactorily obtained by any other means." *King*, 138 Ariz. at 149, 673 P.2d at 789.

 For several reasons, we find special action review appropriate in this case. Whether the statute of limitations defense can be raised is a pure issue of law. *See*

*Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 210, 841 P.2d 198, 205 (1992) (special action jurisdiction appropriate when there is a pure issue of law); *Orme Sch. v. Reeves*, 166 Ariz. 301, 303, 802 P.2d 1000, 1002 (1990) (same). We also consider special action jurisdiction uniquely proper when "under no rule of law can a trial court's actions be justified." *King*, 138 Ariz. at 149–50, 673 P.2d at 789–90; *see also Amos v. Bowen*, 143 Ariz. 324, 327, 693 P.2d 979, 982 (App.1984) (special action jurisdiction may be assumed to correct plain and obvious error by trial court).

Finally, we conclude that acceptance of special action jurisdiction is in the interests of judicial economy. Because allowing this matter to proceed to trial without addressing the error presented by this petition would ultimately result in reversal, our acceptance of jurisdiction is beneficial to both parties. "There is no justifiable reason to compel [Harris Trust] to get a final judgment, supersede it and then, after a lengthy appeal process, obtain the inevitable reversal." *Cravens, Dargan & Co. v. Superior Ct.*, 153 Ariz. 474, 477, 737 P.2d 1373, 1376 (1987). Furthermore, Mathes has informed the court, by her response to Harris Trust's petition, that she has terminal cancer and wishes to have the case tried while she is living. Allowing the case to proceed to an inevitable reversal on appeal would only frustrate this purpose. Accordingly, we accept special action jurisdiction of this matter.

### B. Statute of Limitations

 Citing *Warren v. Whitehall Income Fund 86*, 170 Ariz. 241, 823 P.2d 689 (App. 1991), the trial court concluded that Arizona does not allow a trustee to assert a statute of limitations defense against a beneficiary while the trust is in existence. Additionally, it noted that Arizona Revised Statutes Annotated ("A.R.S.") section 14–7307 (1995) [1] "limits actions against trustees to six months *after a final accounting.*" Whether a particular statute of limitations applies is a ques-

---

1. The trial court erroneously cited to A.R.S. section 14–3407 in its minute entry.

tion of law, which we review *de novo*. *Insurance Co. of N. Am. v. Superior Ct.*, 166 Ariz. 82, 86, 800 P.2d 585, 589 (1990).

■ It has been broadly stated that the statute of limitations does not apply to express trusts. *Clark v. American Nat'l Bank & Trust Co. of Chattanooga*, 531 S.W.2d 563, 567 (Tenn.App.1974), *cert. denied*, 423 U.S. 1053, 96 S.Ct. 786, 46 L.Ed.2d 644 (1976). The more precise rule, however, is that a trustee cannot assert the statute of limitations defense against a beneficiary of an active trust for possession of the trust assets while the trustee has possession of the trust funds and the trust relationship is continuing. *Id.* (quoting *Third Nat'l Bank v. Nashville Trust Co.*, 191 Tenn. 123, 232 S.W.2d 7 (1950)); George G. Bogert & George T. Bogert, The Law of Trusts and Trustees § 951, at 627–29 (2d ed. 1995).

■ The principle underlying this rule is that in equity the possession of the trust property by the trustee is the same as possession by the beneficiary and thus cannot be adverse. *Clark*, 531 S.W.2d at 567; Bogert & Bogert, *supra*, § 951, at 927–28. Consequently, no statute of limitations can run against a beneficiary on a claim for possession until the trustee's possession becomes adverse. *Clark*, 531 S.W.2d at 567.

■ When a trustee violates one or more of his obligations to the beneficiary or repudiates the trust, however, a cause of action exists against the trustee, and the statute of limitations is applicable. *See Jones v. United States*, 801 F.2d 1334, 1335–36 (Fed.Cir.1986), *cert. denied*, 481 U.S. 1013, 107 S.Ct. 1887, 95 L.Ed.2d 495 (1987) (action for breach of trust accrues when beneficiary knew or should have known of breach, statute of limitations then begins to run); *Jefferson Nat'l Bank of Miami Beach v. Central Nat'l Bank in Chicago*, 700 F.2d 1143, 1151 (7th Cir.1983) (quoting *Kay v. Village of Mundelein*, 36 Ill.App.3d 433, 344 N.E.2d 29, 33 (1975)) (when trustee violates trust, statute of limitations is applicable); *Brodeur v. American Rexoil Heating Fuel Co.*, 13 Mass.

App.Ct. 939, 430 N.E.2d 1243, 1244–45 (1982) (applying statute of limitations to repudiation of trust); Bogert & Bogert, *supra*, § 951, at 629–30. The statute begins to run from the date that the beneficiary knew or reasonably should have known of the breach or repudiation. *Jones*, 801 F.2d at 1335; *Jefferson Nat'l Bank*, 700 F.2d at 1151.

■ Repudiation of a trust occurs when the trustee, by words or conduct, denies the existence of a trust and claims the property as his own. *See* Bogert & Bogert, *supra*, § 951, at 630. Because the trustee then holds the trust property adversely to the beneficiary, the trustee's possession and that of the beneficiary are no longer identical. The statute of limitations defense is therefore unavailable only in cases in which the trustee of an *unrepudiated* trust asserts it to defeat a beneficiary's claim for possession of trust property. *See id.* § 951, at 627 (trustee does not hold property adversely during continuing recognition of the trust); *Clark*, 531 S.W.2d at 568 (statute of limitations does not begin to run until termination of trust, repudiation, or assertion of adverse claim by trustee).

In striking the statute of limitations defense, the trial court relied on *Warren*, 170 Ariz. 241, 823 P.2d 689. Unlike the present case, however, *Warren* involved a constructive trust and the trustee's attempt to hold the trust property adversely to the beneficiaries. *Id.* at 243, 823 P.2d at 691. The *Warren* court correctly held that a trustee cannot adversely possess the property of a constructive trust against its beneficiary. *Id.* at 244, 823 P.2d at 692; *see also Clark*, 531 S.W.2d at 567; Bogert & Bogert, *supra*, § 951, at 627 (possession of trustee is possession of beneficiary; no adverse holding exists). Consequently, the statute of limitations could not begin to run against the beneficiary and was therefore inapplicable. *Clark*, 531 S.W.2d at 567–68. Because *Warren* involved an action for possession of the trust property, it is inapplicable to the present controversy.

■ The trial court's reliance on A.R.S. section 14–7307 was also misplaced.

That section states, "*Unless previously barred by* adjudication, consent or *limitation,* any claim against a trustee for breach of trust is barred as to any beneficiary who has received a final account ... unless a proceeding to assert the claim is commenced within six months after receipt of the final account or statement." (Emphasis added.) Contrary to the trial court's conclusion, this statute does not limit the application of the statute of limitations to the period after a final accounting. Rather, it merely establishes the limitation period for claims brought after the final accounting. Moreover, the statute explicitly recognizes that actions brought against the trustee by the beneficiary *after* the final accounting may already be barred by the statute of limitations. Consequently, A.R.S. section 14–7307 is inapplicable to Mathes' claims.

Mathes contends that the Arizona Supreme Court, in *Hammons v. National Surety Co.,* 36 Ariz. 459, 287 P. 292 (1930), established the rule that a trustee can never raise the statute of limitations defense against a beneficiary during an active trust. The rule in *Hammons,* however, must be read in the context of the facts of that case. In *Hammons,* the guardian of two minors filed a claim with the receiver of an insolvent bank for trust funds deposited with the bank. *Id.* at 463–64, 287 P. at 293. After the receiver partially paid the claim, and the wards successfully sued the guardian and surety company for the remainder, the surety sought to recover the money it had paid on its guardianship bond. *Id.* at 465–66, 287 P. at 293–94. The supreme court found that the bank held the funds in trust for the wards. *Id.* at 467, 287 P. at 295. On the statute of limitations issue, the court held that as long as the trust was continuing, the statute of limitations did not run against the beneficiaries. *Id.* at 469, 287 P. at 295–96.

Like *Warren,* the claim in *Hammons* was one for possession of the trust property. Because the trustee bank could not hold the property adversely to the beneficiaries, the statute of limitations for claiming the property never began to run. *Clark,* 531 S.W.2d at 567; Bogert & Bogert, *supra,* § 951, at 627. Thus, the rule articulated in *Hammons* is properly limited to cases in which a beneficiary brings an action for possession of the trust property. Since the present controversy involves claims for breach of fiduciary duty and other non-possessory claims, *Hammons* is inapplicable.

Likewise, Mathes' citation to *Giovani v. Rescorla,* 69 Ariz. 20, 207 P.2d 1124 (1949), and *Valley National Bank of Phoenix v. Battles,* 62 Ariz. 204, 156 P.2d 244 (1945), is unavailing. These cases also involved claims by a beneficiary for trust property in the possession of the trustee. Like *Hammons* and *Warren,* the rule of law in each of these cases is properly limited to claims for the trust property. Therefore, they are distinguishable.

Here, Mathes claimed that Harris Trust breached its fiduciary duty, breached the trust agreement, defrauded her, and engaged in other actionable activities. None of these claims was for possession of the trust property. Rather, each was a claim that Harris Trust had breached its obligations as trustee of the Mathes Trust. As to those transactions that form the basis for such claims against the trustee, the statute of limitations applies. *See Jones,* 801 F.2d at 1335–36. Accordingly, we hold that the trial court erred in striking Harris Trust's statute of limitations defense.

■ Finally, Mathes argues that we should affirm the trial court because Harris Trust did not properly raise the statute of limitations as a defense in its answer. Mathes contends that Harris Trust did not cite a particular statute of limitations as required by *Dawson v. McNaney,* 71 Ariz. 79, 223 P.2d 907 (1950). We hold that any failure by Harris Trust to cite a particular statute of limitations in its answer does not waive the defense at this stage in the proceedings.

■ In *Dawson,* the Arizona Supreme Court held that a defendant's failure to cite to a specific statute of limitations in its answer did not properly raise the defense. 71

Ariz. at 83, 223 P.2d at 910. In that case, however, the defendant *never* claimed that a particular statute barred the action, even after trial. *Id.* at 81–82, 223 P.2d at 909. Here, the matter has not yet proceeded to trial. The statute of limitations defense is waived only if it is not asserted prior to judgment. *Transamerica Ins. Co. v. Trout,* 145 Ariz. 355, 358, 701 P.2d 851, 854 (App. 1985); *see also Sparks v. Republic Nat'l Life Ins. Co.,* 132 Ariz. 529, 541, 647 P.2d 1127, 1139, *cert. denied,* 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982) (defense waived because not raised prior to judgment). With the permission of the trial court, Harris Trust may amend its answer to include reference to specific statutes of limitations prior to trial. *See Transamerica Ins.,* 145 Ariz. at 358, 701 P.2d at 854.

### III. CONCLUSION

For the foregoing reasons, we hold that the trial court erred in striking Harris Trust's statute of limitations defense. Accordingly, we vacate that order and remand for further proceedings consistent with this opinion.

NOYES and PATTERSON, JJ., concur.