931 P.2d 431

Joseph R. POMPA, d.b.a. La
Perla Cafe, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, The Honorable Michael D. Jones, a judge thereof, Respondent Judge,

and

Gabriel ENCINAS, et ux., Real Parties in Interest.

No. 1 CA–SA 96–0300.

Court of Appeals of Arizona, Division 1, Department A.

Jan. 30, 1997.

Coppersmith & Gordon, P.L.C. by Andrew S. Gordon and Randall H. Warner, Phoenix, and Richard J. Trujillo, Phoenix, for Petitioner.

Law Office of Fredrick D. Merrill by Fredrick D. Merrill, Phoenix, for Real Parties in Interest.

## OPINION

RYAN, Judge.

The issue presented here is whether an appellant's failure to comply with Arizona Revised Statutes Annotated ("A.R.S.") section 13–2314(M)'s requirement of filing a copy of the notice of appeal and brief with the attorney general's office at the time of filing divests this court of jurisdiction. We hold that the existing appellate procedural rules promulgated by the supreme court pursuant to the Arizona Constitution prevail,

and therefore this court has jurisdiction over the appeal.

Petitioner/defendant/appellant Joseph Pompa, d.b.a. LaPerla Cafe ("Pompa" or "defendant") filed a notice of appeal to this court from a default judgment entered by the trial court. Respondent/plaintiff/appellee Gabriel Encinas ("Encinas" or "plaintiff") and his wife moved to dismiss the appeal for lack of jurisdiction because Pompa failed to comply with A.R.S. section 13–2314(M).[1] Pompa then filed a combination response to the motion to dismiss and petition for special action seeking dismissal of the case at the trial court level for lack of jurisdiction because Encinas failed to comply with A.R.S. section 13–2314.04(H).[2] In an earlier order, we denied Encinas's motion to dismiss the appeal, accepted jurisdiction of Pompa's special action, and denied relief. We now explain our decisions.

## BACKGROUND

While working for Pompa at LaPerla Cafe, Encinas sustained an on-the-job injury. When Encinas realized that Pompa provided no workers' compensation benefits and may have filed false wage and tax statements, Encinas filed a complaint alleging gross negligence, conspiracy to commit tax fraud and workers' compensation fraud, and state RICO violations arising from the fraud claims.

Encinas's attorney sent demand letters to Pompa stating that if a settlement could not be reached, a copy of the complaint would be sent to the Arizona Attorney General's office as required by A.R.S. section 13–2314.04(H). Three months later a copy of Encinas's complaint was received in the Consumer Protection and Antitrust Section of the attorney general's office, and the action proceeded.

---

1. That statute states in part:
   A party who files a notice of appeal from a civil action brought under this chapter or chapter 39 of this title shall serve the notice and one copy of the appellant's brief on the attorney general at the time the person files the appellant's brief with the court. This requirement is jurisdictional.

2. That statute states in part:
   A person who files an action under this section shall serve notice and one copy of the pleading on the attorney general within thirty days after the action is filed with the superior court. This requirement is jurisdictional.

The trial court ordered Pompa to produce work-related documents; he refused. Consequently, the court struck Pompa's answer and granted Encinas a default judgment on his RICO claim only. The court found Encinas's personal injury claim was precluded by his acceptance of workers' compensation benefits under A.R.S. section 23–1024(A).[3] The court awarded treble damages of $475,539.63 on the RICO claim.

## DISCUSSION

### A. Special Action Jurisdiction

■ Acceptance of special action jurisdiction is highly discretionary. Ariz.R.Proc. Spec. Act. 3, State Bar Comm. note; *King v. Superior Court*, 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983); *State ex rel. McDougall v. Superior Court*, 172 Ariz. 153, 155, 835 P.2d 485, 487 (App.1992). Jurisdiction is generally accepted only in those cases in which "justice cannot be satisfactorily obtained by other means." *King*, 138 Ariz. at 149, 673 P.2d at 789; *see also Harris Trust Bank of Ariz. v. Superior Court*, 188 Ariz. 159, 162, 933 P.2d 1227, 1230 (App.1996).

We accept jurisdiction for several reasons. The issue here is purely one of law, and therefore special action jurisdiction is appropriate. *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 210, 841 P.2d 198, 205 (1992). Also, the case raises a constitutional issue. *See Fairness and Accountability in Ins. Reform v. Greene*, 180 Ariz. 582, 586, 886 P.2d 1338, 1342 (1994). Moreover, acceptance of special action jurisdiction serves the interests of judicial economy. *Harris Trust Bank*, 188 Ariz. at 162, 933 P.2d at 1230. A prompt ruling on whether or not this court has jurisdiction to hear the underlying appeal will allow the parties to resolve this matter more expeditiously. Accordingly, we examine the issue raised in the motion to dismiss the appeal.

### B. Direct Appeal Jurisdiction

In his motion, Encinas argues that this court lacks jurisdiction because Pompa failed to serve a copy of his notice of appeal and opening brief with the attorney general's office at the time of filing as required by A.R.S. section 13–2314(M). Pompa responds by charging that the trial court never had jurisdiction to enter a judgment in the first place because Encinas failed to timely serve the attorney general's office with a copy of his complaint as required by A.R.S. section 13–2314.04(H). Both statutes expressly state: "This requirement is jurisdictional."

Division Two of this court recently held that section 13–2314(M) was jurisdictional and dismissed an appeal of a forfeiture case in which the appellant had failed to properly serve the attorney general's office. *In re 1988 Chevrolet 1/2 PU*, 186 Ariz. 419, 924 P.2d 109 (App.1996). Even though the attorney general received notice in time to file an *amicus* brief and did not object to the appeal, the court upheld the jurisdictional mandate, finding that the statute had "no more effect on the rule-making power of the court than does [A.R.S. section] 12–2101." *Id.* at 421, 924 P.2d at 111. We respectfully disagree with Division Two's decision for the reasons that follow.

The Arizona Constitution orders that the three branches of government remain "separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others." Ariz. Const. art. 3. The constitution also confers on our supreme court the "[p]ower to make rules relative to all procedural matters in any court." Ariz. Const. art. 6, § 5(5); *State v. Jackson*, 184 Ariz. 296, 298, 908 P.2d 1081, 1083 (App.1995). This rule-making power is vested exclusively in the supreme court, *State v. Blazak*, 105 Ariz. 216, 217, 462 P.2d 84, 85 (1969), and it includes jurisdiction over all changes to rules of judicial procedure in state courts. *See, e.g., Arizona Podiatry Ass'n v. Director of Ins.*, 101 Ariz. 544, 549, 422 P.2d 108, 113 (1966) (constitutionally granted rule-making power may not be limit-

---

**3.** Encinas conceded that there was no private right of action with respect to the allegations of tax fraud and workers' compensation fraud.

ed by legislative enactment); *Jackson*, 184 Ariz. at 298, 908 P.2d at 1083 (procedural rule of court controls over conflicting statute). Although the right to appeal is a substantive right granted by the legislature, rules of procedure govern the way in which that right may be exercised. A.R.S. §§ 12–2101 and 12–120.21; *Daou v. Harris*, 139 Ariz. 353, 358, 678 P.2d 934, 939 (1984); *State v. Birmingham*, 96 Ariz. 109, 110–11, 392 P.2d 775, 776 (1964). The distinction has been described as follows:

> [S]ubstantive law is that part of the law which creates, defines and regulates rights; ... procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion. It is often said ... [procedural] law pertains to and prescribes the practice, method, procedure or legal machinery by which the substantive law is enforced or made effective.

*Birmingham*, 96 Ariz. at 110, 392 P.2d at 776 (citations omitted); *see also Daou*, 139 Ariz. at 358, 678 P.2d at 939 (although right to appeal is substantive, method of perfecting and processing rights is procedural); *State v. Fowler*, 156 Ariz. 408, 412, 752 P.2d 497, 501 (App.1987) (right to post-conviction relief is substantive but time limits are procedural). The filing and service of notice are examples of actions that comprise the "legal machinery" for pursuing a lawsuit.

When the legislature enacts a statute creating new substantive rights and establishes procedural rules to supplement those rights, the supreme court will honor those rules until they are modified or suspended by court-promulgated rules. *State ex rel. Purcell v. Superior Court*, 107 Ariz. 224, 227, 485 P.2d 549, 552 (1971); *Blazak*, 105 Ariz. at 218, 462 P.2d at 86. The same principle applies when the supreme court chooses not to exert its rule-making power in an area in which a procedure is statutorily prescribed. *State v. Garza*, 128 Ariz. 8, 10, 623 P.2d 367, 369 (App.1981). The legislature may also enact supplementary provisions to court-devised procedural rules, as long as the provisions do not contradict existing court rules. *See, e.g., State ex rel. Collins v. Seidel*, 142 Ariz. 587, 591, 691 P.2d

678, 682 (1984) (harmonizing statutory rule with evidentiary rule of procedure); *Readenour v. Marion Power Shovel*, 149 Ariz. 442, 445–46, 719 P.2d 1058, 1061–62 (1986) (interpreting statutory provision as supplementing rather than conflicting with procedural rule); *United States v. Superior Court*, 144 Ariz. 265, 278, 697 P.2d 658, 671 (1985) (adopting supplementary statutory provision that did not unreasonably limit or hamper judicial system); *Church v. Rawson Drug & Sundry*, 173 Ariz. 342, 352, 842 P.2d 1355, 1365 (App. 1992) (construing statute as harmonious with rules).

However, when a statute conflicts with a rule of procedure, the rule controls as to procedural matters. *See, e.g., State ex rel. Conway v. Superior Court*, 60 Ariz. 69, 81, 131 P.2d 983, 988 (1942) (court rule prevails over legislative rule that unduly hampers court in administering justice); *State ex rel. Woods v. Filler*, 169 Ariz. 224, 227, 818 P.2d 209, 212 (App.1991) (rejecting statutory rule of evidence as neither reasonable nor workable in light of court-promulgated evidentiary rule); *Fowler*, 156 Ariz. at 413, 752 P.2d at 502 (statute must yield to court rule governing procedural matter). The legislature cannot invalidate court-rendered rules of procedure established pursuant to the power granted to the supreme court in article 6, section 5 of the state constitution. *Seidel*, 142 Ariz. at 591, 691 P.2d at 682; *see also Fowler*, 156 Ariz. at 413, 752 P.2d at 502 (holding that statute of limitations "unconstitutionally invade[d] the province of the supreme court's rule-making authority" because it contradicted limitation period stated in Rules of Criminal Procedure). Nor does a procedural rule become substantive (and therefore appropriate for legislative determination) simply because one of the sanctions for violating the rule is dismissal of the claim. *Jackson*, 184 Ariz. at 300, 908 P.2d at 1085 (statutory time limit for disposition of bail bond forfeiture action must yield to court rule governing same procedure).

An impermissible conflict exists between A.R.S. section 13–2314(M) and the judicially-made Arizona Rules of Civil Appellate Procedure ("Rules"). The Rules govern the means of exercising the substantive right

to appeal granted by the legislature in A.R.S. sections 12–2101 and 12.120.21. *Cf. Arizona Dep't of Econ. Sec. v. Don,* 165 Ariz. 407, 409, 799 P.2d 27, 29 (App.1990) (Arizona Rules of Procedure for Juvenile Court govern procedures by which appeal from non-criminal juvenile court ruling may be taken).

Section 13–2314(M) imposes a procedural "jurisdictional requirement" not contemplated by the supreme court: the party must file a copy of the notice of appeal and opening brief with the attorney general's office at the time of filing with the court. The statute provides that non-compliance divests this court of jurisdiction over the appeal. This mandate directly conflicts with appellate procedural rules promulgated by the supreme court, specifically, Rules 8(d) and 15(b).

Rule 8(d) places responsibility on the clerk of the superior court to serve notice of appeal on "all other parties." Rule 15(b) provides that two copies of each appellate brief are to be served on each party and that the appellant must serve the attorney general's office when the state, county, or state officer is the appellee. Failure to comply does not strip this court of jurisdiction; rather, it may be grounds for "such action as the appellate court deems appropriate, [including] dismissal of the appeal." Rule 8(a); Rule 15(c).

We recognize that the attorney general has an interest in receiving notice and reviewing documents filed under A.R.S. sections 13–2301 through 13–2317, the organized crime and fraud statutes. This appears to be the only interest served by the statute's jurisdictional provision. However, automatic removal of jurisdiction conflicts with the court's legislatively granted power to hear appeals from final judgments entered in superior court and the court's constitutionally granted power to enact rules governing the practice and methods for processing such appeals. *See* Ariz. Const. art. 6, § 5(5); A.R.S. §§ 12–2101 and 12–120.21; *State ex rel. Conway,* 60 Ariz. at 81, 131 P.2d at 988.

The court-made rules of appellate procedure already permit the court to impose sanctions for failure to serve proper notice on the necessary parties. Rule 8(a); Rule 15(c). The mandate in A.R.S. section 13–2314(M) requiring automatic divestment of jurisdiction conflicts with those rules. Therefore, we hold that the jurisdictional provision of section 13–2314(M) must yield to Rules 8 and 15 under article 6, section 5 of our state constitution.

## C. The Trial Court's Jurisdiction

■ Pompa's special action argues that the trial court lacked jurisdiction because Encinas failed to comply with A.R.S. section 13–2314.04(H). Because of our ruling denying Encinas's motion to dismiss the appeal, we need not discuss this issue; it may be considered in full on appeal. "[S]pecial action is not available where there is an equally plain, speedy, and adequate remedy by appeal. Ariz.R.P.Spec. Act. 1[ (a) ]." *Harris Trust Bank,* 188 Ariz. at 162, 933 P.2d at 1230. Moreover, section 13–2314.04(H) differs slightly from A.R.S. section 13–2314(M). For example, it provides for a time period within which a RICO complaint must be filed with the attorney general's office. The briefs indicate that the issue remains the subject of unresolved disputes of fact and law. Therefore, we deny Pompa's requested special action relief.

## CONCLUSION

The statutory provision of A.R.S. section 13–2314(M) divesting this court of jurisdiction for appellant's failure to serve the attorney general's office conflicts with court-promulgated procedural rules and is therefore unconstitutional. Accordingly, we deny Encinas's motion to dismiss Pompa's appeal. We also deny the special action relief sought by Pompa, who has an adequate remedy by appeal.

NOYES, P.J., and FIDEL, J., concur.