IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| IN RE PROPERTY LOCATED AT 6757 S. BURCHAM AVE. | ) ) ) ) ) | 2 CA-CV 2002-0092 DEPARTMENT A  O P I N I O N |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C-20010960

Honorable Lina S. Rodriguez, Judge

AFFIRMED

John D. Kaufmann                                                                                    Tucson
Attorney for Appellant Remy Segura

Barbara LaWall, Pima County Attorney
 By Thomas D. Rankin                                                               Tucson
Attorneys for Appellee State of Arizona

B R A M M E R, Presiding Judge.

¶1        In this in rem forfeiture action, the trial court ordered appellant Remy Segura's real property forfeited pursuant to A.R.S. §§ 13-2301(D)(4), 13-2314(G), 13-3413, and 13-4301 through 4315. Segura appeals from the trial court's denial of his motion for new trial, arguing the court abused its discretion by allowing the state to call a witness and to introduce fingerprint evidence, neither of which had been timely disclosed to him before trial. The state argues that, because Segura failed to comply with § 13-2314(M) by not timely serving the attorney general

with a copy of the notice of appeal and the opening brief, this court lacks jurisdiction and should dismiss the appeal.[1]  We conclude we have jurisdiction and affirm the trial court's order.

**Factual Background**

¶2        We view the facts in the light most favorable to sustaining the trial court's order. *In re United States Currency of $26,980.00*, 199 Ariz. 291, 18 P.3d 85 (App. 2000).  In December 2000, Segura's neighbor, G., contacted the Arizona Department of Public Safety (DPS) and reported a large quantity of "what appeared to be bales of marijuana wrapped in a Saran wrap type material" was being delivered to Segura's home, which had been vacant for two months. When DPS officers arrived at Segura's home, E. met them at the gate and told them Segura owned the property and would be returning within the hour.  After conducting surveillance of the property, the officers obtained a warrant to search the premises.  When they executed the warrant, the officers found nineteen bales of marijuana, loaded guns, a sword, a bulletproof vest, and loose ammunition inside Segura's home.  In a trailer in his yard, they also found an additional nineteen bales of marijuana.  The officers seized a total of 862.5 pounds of marijuana from the premises, and the state brought an action to forfeit Segura's property.

**Jurisdiction**

¶3        Before addressing Segura's substantive arguments, we must first answer the state's contention that this court lacks jurisdiction of the appeal because Segura failed to timely serve a copy of his notice of appeal and opening brief on the Arizona Attorney General as mandated by § 13-2314(M), which this court found constitutional in *In re 1988 Chevrolet ½ PU*, 186 Ariz. 419, 924 P.2d 109 (App. 1996).  We have a duty to determine whether we have jurisdiction of an

---

[1]Although Segura did not serve the attorney general with his notice of appeal and opening brief at the time he filed his opening brief, *see* A.R.S. § 13-2314(M), he did serve both nearly three months before the state filed its answering brief.  The attorney general did not file a brief.

appeal. *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 812 P.2d 1119 (App. 1991). Section 13-2314(M) states:

> The attorney general may appear as amicus curiae in any proceeding in which a claim under this section has been asserted, including proceedings pursuant to chapter 39 of this title. . . . A party who files a notice of appeal from a civil action brought under this chapter or chapter 39 of this title shall serve the notice and one copy of the appellant's brief on the attorney general at the time the person files the appellant's brief with the court. This requirement is jurisdictional.

¶4 In *1988 Chevrolet*, we were also faced with a drug-related in rem forfeiture action. In that appeal, the state also argued that this court lacked jurisdiction because the claimant had failed to comply with § 13-2314(M). In response, the claimant argued that the attorney general had suffered no prejudice from the lack of compliance because it had filed an amicus brief; that jurisdiction had vested in this court upon her timely filing of a notice of appeal pursuant to Rule 8(a), Ariz. R. Civ. App. P., 17B A.R.S.; and that § 13-2314(M) was unconstitutional because it usurped the rule-making power of the supreme court. We dismissed the appeal, concluding that Rule 8(a) only applies when the subject matter of the appeal is already within our jurisdiction and that "the statute has no more effect on the rule-making power of the court than does [A.R.S.] § 12-2101," which enumerates the appealable orders this court has jurisdiction to hear. 186 Ariz. at 421, 924 P.2d at 111.

¶5 In *Pompa v. Superior Court*, 187 Ariz. 531, 931 P.2d 431 (App. 1997), Division One of this court disagreed with *1988 Chevrolet*, concluding that § 13-2314(M) is unconstitutional because appellate procedural rules promulgated by the supreme court prevail over conflicting statutes. Division One reasoned that the Arizona Constitution requires our three branches of government to remain separate and confers on the supreme court "'[p]ower to make rules relative to all procedural matters in any court.'" 187 Ariz. at 533, 931 P.2d at 433, *quoting* Ariz. Const.

3

art. 6, § 5(5). The court explained that the substantive right to appeal is granted by the legislature while procedural rules promulgated by the supreme court govern how that right is exercised, observing that, "when a statute conflicts with a rule of procedure, the rule controls as to procedural matters." *Id*. at 534, 931 P.2d at 434. The court ultimately concluded that "[a]n impermissible conflict exists between A.R.S. section 13-2314(M) and the judicially-made Arizona Rules of Civil Appellate Procedure," 187 Ariz. at 534, 931 P.2d at 434, specifically, Rules 8(d) and 15(b), Ariz. R. Civ. App. P. Division One held that the failure to comply with these rules will not divest this court of jurisdiction to hear an appeal, although they do permit the imposition of sanctions for such failures, including dismissal, if appropriate. *See* Ariz. R. Civ. App. P. 8(a) and 15(c). The court held the "jurisdictional provision of section 13-2314(M) must yield to Rules 8 and 15 under article 6, section 5 of our state constitution." 187 Ariz. at 535, 931 P.2d at 435.

¶6            Although several cases have cited *Pompa* with approval, none involved § 13-2314(M). These cases do not resolve the conflict between *1988 Chevrolet* and *Pompa*, but nonetheless are instructive. *See State ex rel. Napolitano v. Brown*, 194 Ariz. 340, 982 P.2d 815 (1999) (citing *Pompa* for proposition that statute setting reduced time limits for filing petitions for post-conviction relief that conflicted with procedural rule was unconstitutional); *Pima County v. Hogan*, 197 Ariz. 138, 3 P.3d 1058 (App. 1999) (citing *Pompa* for proposition that procedural rule controls over conflicting eminent domain statute); *Graf v. Whitaker*, 192 Ariz. 403, 966 P.2d 1007 (App. 1998) (citing *Pompa* for proposition that procedural rule permitting dismissal does not diminish substantive right to appeal). Although we acknowledge that *1988 Chevrolet* held that

4

§ 13-2314(M) is a substantive jurisdictional requirement, we nonetheless conclude that the result reached in *Pompa* was correct and overrule *1988 Chevrolet*.[2]

¶7 Pursuant to A.R.S. § 12-2101(F)(1), Segura had a substantive right to appeal the trial court's denial of his motion for new trial. *See Pompa*. He exercised that substantive right by timely filing a notice of appeal pursuant to Rules 8(a) and 9(a), Ariz. R. Civ. App. P. Accordingly, jurisdiction vested in this court when Segura timely filed his notice of appeal. *See* § 12-2101; *Hyman v. Arden-Mayfair, Inc.*, 150 Ariz. 444, 724 P.2d 63 (App. 1986). Any statutes that purport to govern how Segura may exercise his substantive right to appeal are, therefore, procedural in nature. *See Hogan*. Any steps that § 13-2314(M) imposes upon an appellant are thus extra procedural steps Segura was required to follow to further his appeal, not substantive barriers to his right to have his appeal heard.

¶8 Although, as the state contended in oral argument in this court, it appears that the legislature intended to vest in the attorney general a substantive discretionary right to appear in civil forfeiture appeals, the existence of such a right is not inconsistent with the result we reach. The right to appear can only be exercised if an appeal exists in which to make an appearance. That fact further supports our conclusion that the requirement of § 13-2314(M) cannot divest this court of jurisdiction to hear an appeal simply because the appellant fails to timely serve the notice of appeal and the opening brief on the attorney general.

¶9 It is apparent that, in enacting § 13-2314(M), the legislature intended to divest this court of jurisdiction to hear a case in which an appellant fails to serve the attorney general with the notice of appeal and opening brief. It is equally apparent, however, that the subsection

---

[2]Although of no precedential value, it is interesting to note that our supreme court denied review of *1988 Chevrolet*, and review of *Pompa* was not sought. *See State v. Benenati*, 203 Ariz. 235, n.2, 52 P.3d 804, n.2 (App. 2002).

impermissibly conflicts with Rule 8(a), Ariz. R. Civ. App. P., which states that failure to "take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal." The discretion Rule 8(a) vests in the court may not be compromised by an appellant's failure to comply with § 13-2314(M), which facially requires that a perfected appeal be dismissed. This is because Rule 8(a) takes precedence over § 13-2314(M). *Pompa.* Moreover, our supreme court has held that procedural devices "should not be used to trap the unwary." *Gorman v. City of Phoenix*, 152 Ariz. 179, 183, 731 P.2d 74, 78 (1987). The legislature's substantive grant in § 12-2101(F)(1) of the right to appeal a trial court's order granting or denying a motion for new trial vests jurisdiction in this court to hear that appeal. The legislature cannot divest Segura of that substantive right or this court of jurisdiction to hear his appeal because of Segura's failure to comply with a statute that conflicts with a rule promulgated by our supreme court. Accordingly, because Segura timely filed a notice of appeal from an appealable order, we conclude that we have jurisdiction to hear his appeal.

## Untimely Disclosure

¶10　　　　Segura argues the trial court erred by denying his motion for new trial, in which he argued the court erroneously allowed the state to call G. as a witness and to introduce fingerprint evidence, contending neither had been timely disclosed to Segura before trial. We will not overturn a trial court's ruling on a motion for new trial absent an abuse of discretion. *Suciu v. AMFAC Distrib. Corp.*, 138 Ariz. 514, 675 P.2d 1333 (App. 1983). The state disclosed G.'s name on July 6, 2001, and the fingerprint evidence on July 10, although Segura had moved to produce reports of "fingerprint comparisons" in March 2000. Trial began on July 12. Segura

6

argues he was prejudiced because he had inadequate time to investigate and rebut what became crucial evidence against him because it substantially contradicted his testimony.

¶11        Although Segura attached to his opening brief an excerpt from what appears to be the transcript of the hearing on his motion to preclude the untimely disclosed evidence, he failed to include any transcripts in the record on appeal. It is an appellant's responsibility to include in the record on appeal "such parts of the proceedings as he deems necessary." Ariz. R. Civ. App. P. 11(b)(1). "We may only consider the matters in the record before us. As to matters not in our record, we presume that the record before the trial court supported its decision." *Ashton-Blair v. Merrill*, 187 Ariz. 315, 317, 928 P.2d 1244, 1246 (App. 1996).

¶12        We do have Segura's motion in limine to exclude G.'s testimony and his motion for new trial, which complained about the trial court's admission of the fingerprint evidence. We also have the state's opposition to Segura's motion for new trial. In the latter, the state claimed G. had not been a surprise witness because his name had been disclosed in the police reports, Segura had repeatedly discussed G.'s prior criminal history with the prosecutor before trial, and Segura had been prepared to call G.'s former wife as a witness. Segura can neither dispute those assertions nor support his argument that the trial court abused its discretion in allowing the state to introduce the evidence absent transcripts in the record on appeal. Accordingly, we can only conclude that the trial court did not abuse its discretion in admitting this evidence and, therefore, affirm its ruling.

_____
J. WILLIAM BRAMMER, JR., Presiding Judge

CONCURRING:

_____
M. JAN FLÓREZ, Judge

_____
JOSEPH W. HOWARD, Judge

7