NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

TYRONE WILLIAMS, *Petitioner,*

*v.*

THE HONORABLE SAM MYERS, Judge of the SUPERIOR COURT OF
THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

STATE OF ARIZONA ex rel. Maricopa County Jury Commissioner;
Maricopa County Jury Manager, *Real Parties in Interest.*

No. 1 CA-SA 23-0228
FILED 1-30-2024

---

Petition for Special Action from the Superior Court in Maricopa County
CR2022-121288-001
The Honorable Sam J. Myers, Judge

**SPECIAL ACTION JURISDICTION DECLINED**

---

COUNSEL

Comeback Law, P.C., Phoenix
By Dave Erlichman
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Robert A. Walsh
*Counsel for Real Party in Interest*

Arizona Attorney General's Office, Phoenix
By Nancy M. Bonnell
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

¶1 Petitioner Tyrone Williams faces second-degree murder charges in Maricopa County Superior Court. His trial has not been held, and from the record presented, no firm trial date has been scheduled.

¶2 Petitioner filed a petition for writ of mandamus and motion to dismiss the criminal case, claiming Maricopa County's jury system violates the requirement that the racial makeup of potential jurors represent "a fair cross section of the community." *Duren v. Missouri*, 439 U.S. 357, 359 (1979).

¶3 To support his *Duren* violation claim, Petitioner filed a motion for discovery in the criminal case. Without citing any procedural authority, the motion sought a court order authorizing discovery from non-party county officials, apparently the Maricopa County Jury Commissioner and Recorder.

¶4 The Maricopa County Jury Commissioner and Manager opposed the motion, arguing that it failed to comply with Arizona Rule of Criminal Procedure 15.1(g), which in appropriate circumstances authorizes a court to order "any person to make" disclosure to the defendant. Among other things, the opposition argued that the Petitioner "does not even allege he tried to obtain the information by other means," such as a public records request or by filing a separate civil action. Petitioner's reply argued that the motion for discovery "extends beyond . . . the Rules of Criminal Procedure" and that his "is directed to the inherent authority and obligation of the Court."

2

¶5            After full briefing, the superior court denied Petitioner's motion for discovery. On that same day, the superior court denied Petitioner's petition for writ of mandamus and motion to dismiss. This special action petition challenges the denial of Petitioner's motion for discovery.

¶6            Accepting special action jurisdiction "is highly discretionary in this court." *Harris Tr. Bank of Ariz. v. Superior Court*, 188 Ariz. 159, 162 (App. 1996). In the exercise of that discretion, the court declines special action jurisdiction here.

¶7            The relief Petitioner seeks is now moot, given that the petition for writ of mandamus and motion to dismiss was denied (a fact not disclosed in the special action petition or appendix filed by Petitioner). "Appellate courts do not give opinions on moot questions." *Contempo-Tempe Mobile Home Owners Ass'n v. Steinert*, 144 Ariz. 227, 229 (App. 1985) (citation omitted). Nor is there any indication that Petitioner tried to obtain the information sought through alternative means, such as a public records request or in a separate civil action. *Cf.* Ariz. R. Crim. P. 15.1(g)(1)(B) (requiring, to obtain disclosure from a non-party, that "the defendant cannot obtain the substantial equivalent by other means without undue hardship").

¶8            For these reasons, this court declines special action jurisdiction and vacates the order setting dates previously issued in this special action proceeding.



AMY M. WOOD • Clerk of the Court
FILED:    AA