NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

THUNDERBIRD DOWNTOWN, LLC,
*Petitioner/Appellant*,

*v.*

ALISHA M. VILLA, et al., *Respondents/Appellees*.

No. 1 CA-CV 23-0157
FILED 2-29-2024

---

Appeal from the Superior Court in Maricopa County
No.  CV2021-017599, CV2022-007882
(Consolidated)
The Honorable John L. Blanchard, Judge

**SPECIAL ACTION JURISDICTION DECLINED IN PART AND
ACCEPTED IN PART; RELIEF DENIED**

---

COUNSEL

Degnan Law Group, Phoenix
By Mark W. Horne, Justin D. Fouts
*Counsel for Petitioner/Appellant*

Office of the Phoenix City Attorney, Phoenix
By Mark E. Borzych
*Counsel for Respondent/Appellee City of Phoenix*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1 This matter comes from consolidated superior court special actions in a building code violation proceeding still pending in Phoenix Municipal Court. Appellant Thunderbird Downtown, LLC, challenges a pretrial ruling denying, without prejudice, a motion to suppress and the denial of its request for a jury trial. Sua sponte treating this putative appeal as a special action, the court declines special action jurisdiction over the ruling on the motion to suppress and accepts special action jurisdiction over the jury trial issue but denies relief.

### FACTS AND PROCEDURAL HISTORY

¶2 In September 2019, claiming an administrative search warrant revealed various building code violations, the City of Phoenix filed the underlying action in the Municipal Court.

¶3 In December 2020, Thunderbird moved to suppress evidence and for a pretrial hearing, citing *Franks v. Delaware*, 438 U.S. 154 (1978), and arguing the administrative search warrant "was based on a materially false affidavit." In February 2021, after full briefing, the Hearing Officer denied the motion to suppress without prejudice, allowing Thunderbird to reassert the request at the hearing on the merits.

¶4 In November 2021, Thunderbird filed a motion for jury trial, citing Arizona Revised Statutes (A.R.S.) section 21-102(F) (2024).[1] In April 2022, the Hearing Officer denied the motion for jury trial.

¶5 Seeking to challenge these rulings, Thunderbird filed two separate special actions in superior court.

¶6 The first special action, filed November 2021, challenged the Hearing Officer's denial of the motion to suppress without prejudice. In

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

February 2022, the superior court noted the issue raised in the 2021 complaint was "not yet 'ripe' for a ruling" and "stay[ed] this case until a final ruling with the Court's signature is made" by the Municipal Court. The superior court denied Thunderbird's motion to reconsider that ruling. The record presented contains no superior court order lifting that stay or further addressing the motion to suppress, nor does it contain a final signed order by the Municipal Court.

¶7         The second special action, filed June 2022, challenged the Hearing Officer's denial of the motion for jury trial. In September 2022, on the City's motion and over Thunderbird's objection, the superior court then consolidated the two special actions.

¶8         In January 2023, addressing the jury trial issue raised in the 2022 complaint, the superior court accepted special action jurisdiction but denied relief, concluding there "is no legal basis" for Thunderbird's jury trial request. That ruling, in the consolidated cases, states it "is a final judgment entered pursuant to Rule 54(c), *Arizona Rules of Civil Procedure*." Thunderbird filed a timely notice of appeal from these rulings in the consolidated special action proceedings.

## DISCUSSION

### I.    Jurisdiction.

¶9         This court has an independent obligation to ensure it has appellate jurisdiction. *Dabrowski v. Bartlett*, 246 Ariz. 504, 511 ¶ 13 (App. 2019) (citing cases). Given the stay issued by the superior court addressing the 2021 complaint, it did not appear that all claims by all parties have been resolved in this consolidated matter. Where appellate jurisdiction is based on a final judgment, a valid final judgment entered under Rule 54(c) or 54(b) is required. *See generally Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 421 (App. 2016). Accordingly, this court allowed the parties to file briefs addressing whether this court has appellate jurisdiction. The court has now considered those briefs and concludes that it does not.

¶10         The superior court stay addressing the 2021 complaint remains in place, meaning the January 2023 ruling could not, in this consolidated matter, properly state "that no further matters remain pending and that the judgment is entered under Rule 54(c)." Ariz. R. Civ. P. 54(c). Nor does this court have jurisdiction to treat the purported Rule 54(c) judgment as a partial final judgment under Rule 54(b). *See Madrid v. Avalon Care Center-Chandler, L.L.C.*, 236 Ariz. 221, 224-25 ¶¶ 8-11 (Ariz. 2014).

Accordingly, and presuming Rule 54 applies, this court lacks appellate jurisdiction.

¶11 Although the putative notice of appeal does not properly invoke this court's appellate jurisdiction, this court may, in the exercise of its discretion, treat a timely but failed notice of appeal as a petition for special action relief. *See State v. Bayardi*, 230 Ariz. 195, 197–98 ¶ 7 (App. 2012); *see also* Ariz. R.P. Spec. Act. 1(a).

¶12 Accepting special action jurisdiction "is highly discretionary." *Harris Tr. Bank of Ariz. v. Superior Court*, 188 Ariz. 159, 162 (App. 1996). Exercising its discretion, this court declines special action jurisdiction over the stayed challenge of the denial, without prejudice, of Thunderbird's motion to suppress evidence and for a pretrial hearing. Among other things, the superior court found that consideration of those issues is "not yet 'ripe' for a ruling" and Thunderbird has made no showing to the contrary.

¶13 The denial of Thunderbird's motion for jury trial, however, was decided by both the Municipal Court and the superior court. Given that Thunderbird's motion for jury trial presents a pure question of law, the court exercises discretion to treat the putative appeal as a petition for special action and accepts special action jurisdiction over that issue. *See Bayardi*, 230 Ariz. at 197–98 ¶ 7 (citing authority).

## II. Thunderbird Has Shown No Jury Trial Right.

¶14 Thunderbird bases its claim to a jury trial on a statute titled "Juries; size; degree of unanimity required; waiver" that states:

> Unless the parties waive trial by jury . . ., in a civil action brought by or on behalf of the state for a violation of a statute that declares an act or practice unlawful, a jury shall determine liability, wilfulness and the amount of any available monetary remedies, including restitution, disgorgement and civil penalties.

A.R.S. § 21-102(F). This statute became effective in 2021, years after Thunderbird was cited for the violations it challenges in this proceeding. Thunderbird's jury trial right argument, based solely on this provision, is that subsection (F) gives it a "right to a jury trial" here, "where a municipality brings suit for ordinance violations."

**¶15** Thunderbird's argument is premised on the thought that this provision provides a statutory right to a jury trial, as opposed to specifying what the jury must determine in certain proceedings where there is an independent jury trial right. The City of Phoenix argues, with some force, that "nothing in the title or the language of subsection (F) entitles a party to a jury trial." In addition, Thunderbird points to no applicable independent jury trial right that would invoke the procedures directed in subsection (F). Thunderbird also fails to point to any authority concluding that subsection (F), or language akin to it, provides a jury trial right.[2] Thunderbird has shown no right to a jury trial and, as a result, this court need not address the competing arguments about whether subsection (F) pre-empts Phoenix City Court Local Rule 2.4, which Thunderbird seeks to raise for the first time in this putative appeal. *Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007).

**CONCLUSION**

**¶16** Sua sponte treating this putative appeal as a special action, the court declines special action jurisdiction over the ruling on the motion to suppress and accepts special action jurisdiction over the jury trial issue but denies relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2] Subsection (F) was added by a floor amendment in the Arizona House of Representatives, as part of Senate Bill 1331, addressing vulnerable adults, jurisdiction and grand juries. https://apps.azleg.gov/BillStatus/BillOverview/74881 House Floor Amendment Explanation by Representative Jaqueline Parker (3/23/2021). There is no suggestion that, in doing so, Subsection (F) provided a statutory jury trial right for any party in litigation with the State of Arizona where the State alleges that the party has violated a statute or ordinance.